Walter A. Lynch, J.
The parties hereto entered into a collective bargaining agreement. A dispute arose between the parties and the petitioning union filed a grievance, which under section 16 of the agreement was referred to a joint standing committee of four persons, two nominated by each side. Thereafter the joint standing committee met on said grievance but was unable to resolve the issue. Under the procedure provided for in section 16D of the bargaining agreement, the matter was “ automatically referred to the Appeals Board ” and the impartial chairman thereupon promptly scheduled a hearing before the appeals board for November 9, 1955. Two days before the scheduled hearing the petitioner advised the respondent in writing that it 1 ‘ hereby withdraws, without prejudice, the grievance made against you by letter dated October 20, 1955.” The respondent refused to consent to the withdrawal “ without prejudice ” and insisted upon a hearing, which was had on November 21, 1955. The petitioner failed to attend at the hearing, claiming that since its grievance had been withdrawn, there was no justiciable matter before the appeals board. The impartial chairman and the two members designated by the respondent joined in an award adverse to the petitioner and favorable to the respondent. To this award the petitioner has addressed its motion to vacate and the respondent has cross-moved to confirm.
It appears that the parties in good faith entered into the bargaining agreement which set up the machinery for the processing of grievances; that the grievance filed by the petitioning union was a serious and substantial one, since it involved a potential liability of the respondent in excess of $10,000. In the opinion of the court, the petitioning union having filed its grievance and the arbitral process having been commenced and the matter having proceeded through the joint standing committee without solution and thereupon having been automatically referred to the appeals board, the petitioner could not set the terms under which it would withdraw. To do so would destroy the whole warp and woof of arbitration. It could proceed under *118 such a theory to the very point of decision and, learning that the decision was adverse to it, then nonchalantly discontinue without prejudice, only to commence anew perhaps with other arbitrators.
It is evident that the so-called withdrawal of the grievance was not full and complete — it was conditioned that it be without prejudice. The controversy was, therefore, still before the appeals board unless the appeals board consented or approved the conditional withdrawal. This it did not do. It was therefore its duty to resolve that controversy, which it did by a three-man board.
The failure of the union to designate two members of the appeals board, as permitted under the bargaining agreement should not be allowed to defeat the arbitration.
The motion to vacate is denied and the cross motion to confirm is granted.
Settle order.