Samuel H. Hofstadter, J.
The petitioner, Publishers’ Association of New York City (Association), is an association whose members are publishers of the principal newspapers. in the City of New York. As bargaining representative for its members, it entered into an agreement dated February 12, 1957 for the period from December 8, 1956 to December 7, 1958 with the respondent, a craft union (Union). Section 62 of this agreement establishes a Joint Conference Committee, consisting of two members selected by the publishers and two members selected by the Union, to which committee “ shall be referred for settlement any matter arising from the application of this agreement if such matter cannot be settled by conciliation between the Union and the Publisher involved.” If this committe does not conclude its deliberations within 10 days from the date on which the dispute was referred to it, a fifth and impartial member is to be selected to act as chairman, by the committee, or if the committee is unable to select such chairman, the selection is to be made according to the method provided by the American Arbitration Association, and the decision of a majority of this board of 5 is final and binding.
The present controversy grows out of the projected adoption by The New York Times, one of the Association’s members, in its stereotype department, of a packless mat called Mat-Pak. This new method will result in saving manpower and increased efficiency. The Association contends that this new method constitutes the use of a new material; the Union insists, to the -contrary, that it is the installation of machinery or equipment. When the Times announced its intention to use Mat-Pak, the Union protested; the Association thereupon filed a formal , grievance 'against the' Union, setting out the controversy. The Joint Conference Committee met on September 19, 1958, to consider this grievance, but was unable to agree and requested the appointment by the American Arbitration Association of a fifth member to act as chairman. On the same day, the Union and the Association addressed a joint letter to -the American Arbitration Association, in which they enlisted .the latter’s services in the selection of an 'arbitrator. This joint letter enclosed a copy of the collective bargaining agreement, called *933 'attention to section 62 as the settlement of disputes provision and .stated that the parties had been unable to agree on the fifth and impartial member of the board. In due course, .the American Arbitration Association designated the impartial chairman.
On November 21, 1958 a hearing was held by the arbitration board, composed of the impartial chairman and the two Union .and the two Association members. The Union at this hearing asserted .that the use of Mat-Pak was the installation of machinery and equipment and that the dispute before the arbitrators was governed exclusively by section 39 of the collective bargaining agreement. This section provides: 1 ‘ Should any Publisher signatory hereto install within the jurisdiction of the Union as herein defined any machinery and/or equipment as a substitute for or as 'an addition to but not as an identical replacement for the machinery and/or equipment now being manned by stereotypers covered by this Agreement, the Publisher and the Union shall discuss the manning of such substitute or additional machinery and/or equipment; and if the question is not settled to mutual satisfaction, either party may refer the matter for decision to the Joint Conference Committee established elsewhere in this Agreement. Pending final decision of the Joint Conference Committee, the Union agrees that the Publisher shall have the right to operate such machinery and/or equipment under protest but with the manning demanded by the Union. After such final decision has been made, the machinery and/or equipment shall be operated in accordance therewith.”
"When the impartial chairman did not acquiesce in the Union’s position and evinced a disposition to take evidence on the entire grievance, including the contention of the Times that it planned ito use a new material, not to install machinery or equipment, the Union’s representatives withdrew, as did also the two Union members of the arbitration board. The arbitration thereupon proceeded before the impartial chairman and the two Association members of 'the board; the Union board members were later invited to attend an executive session of the board called to consider a decision, but they declined to do so.
On December 22, 1958 an award was made by the impartial chairman and two members of the arbitration board, constituting a majority, to the effect that the contemplated use of the “no-pack mat” did not involve the installation of machinery or equipment within the meaning of section 39 of the collective bargaining agreement. This award is fortified by a full and careful opinion.
There are now before the court two main motions which can conveniently be treated in a single opinion. The Association *934 moves to confirm the award, while the Union cross-moves to vacate it. The Association moves further to stay arbitration under a notice of the Union dated December 5, 1958, of its intention to proceed to arbitration of the dispute under section 39 of the collective- bargaining agreement.
The only objection to confirmation of the award which requires consideration is that section 62 of the underlying agreement does not cover the present dispute. This objection is without substance-; section 62 is all-emlbracing and extends to any matter arising* from the application of the agreement. Self-evidently, the dispute here involved does 'arise from the application of the agreement. The court is not persuaded that the difference in phraseology between section 62 of the present agreement and the corresponding provision of its predecessor reflects a purpose -to give section 62 a more restricted scope. For all practical purposes the two provisions are the same, despite the slight difference in language. The issue whether Mat-Pak was a new material, rather than new machinery or equipment, was peculiarly within the competence of the arbitrators whose determination concludes the parties. (Matter of Wilkins, 169 N. Y. 494, 496-497; Matter of Samuel Adler, Inc. [Local 584], 282 App. Div. 142; Matter of Carey [Westinghouse Elec. Corp.], 6 A D 2d 582.)
Obviously the Union’s withdrawal from the- arbitration during its progress, because the impartial chairman did not agree with its contentions, may not be- permitted to defeat the award. Arbitration would be completely undermined if awards could be nullified by such strategy (Simons v. New York Herald-Tribune, 15 Misc 2d 116; Matter of United Culinary Bar & Grill Employees [Schiffman], 272 App. Div. 491, affd. 299 N. Y. 577).
It follows that the motion to confirm the award must be granted and the cross motion to vacate it denied.
Ueoessarily, the dispute-, having already been determined by the award of December 22, 1958, may not be re-arbitrated under1 the notice of December 5, 1958. The- award is conclusive under the doctrine of res judicata. (Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, 199-200; Matter of Dembitzer [Gutchen], 3 A D 2d 211, affd. 3 N Y 2d 851.) The motion to stay arbitration under that notice is, therefore-, granted. -
Settle one order.