**In the Matter of the Arbitration of a dispute between COCOTOS STEAMSHIP OF PANAMA, S.A., and HUGO NEU CORPORATION.**

United States District Court
S. D. New York.
May 26, 1959.

**492**

Francis J. Haley, New York City, for Cocotos Steamship of Panama, S.A.

Burlingham, Hupper & Kennedy, New York City, for Hugo Neu Corp.

CASHIN, District Judge.

This is a motion pursuant to Section 9 of the Federal Arbitration Act (9 U.S.C. § 9) for an order confirming an arbitration award.

The moving party, Hugo Neu Corporation, was the charterer of a vessel owned by Cocotos Steamship of Panama, S.A. The arbitration agreement in the charter party provided for arbitration "in the City of New York pursuant to laws relating to arbitration there in force". After the dispute arose, the Cocotos Steamship of Panama, S.A., the owner, petitioned this Court, pursuant to Section 4 of the Federal Arbitration Act (9 U.S. C. § 4) for an order compelling arbitration. Prior to the return date of the petition, the charterer had appointed its arbitrator so that the petition became moot. On the return date of the petition, however, the owner made an application to the court for an order directing payment by the charterer of costs, disbursements and expenses. This application was denied.

The parties proceeded to arbitration and, on January 26, 1959, the arbitrators handed down an award. On April 24, 1959 the owner served charterer's proctors with a motion returnable in Special Term, Part I of the Supreme Court, New York County, for an order, under Section 1462, subd. 4 of the Civil Practice Act of New York, vacating and setting aside the award on the ground of alleged impropriety of the arbitrators. On April 28, 1959, the charterer made the present motion, returnable April 30, 1959, by order to show cause and obtained, ex parte, an order restraining the owner from pressing the Supreme Court motion, pending the determination of the motion to confirm.

The petitioner argues that this court should continue to restrain the State Court action on two grounds: first, because the petition by the owner to compel arbitration gave this court primary jurisdiction over the entire matter; and, second, that since the subject matter of the arbitration is a maritime matter this court has priority over the application to confirm. I find that neither of petitioner's arguments is persuasive.

There is no doubt that a State Court has jurisdiction over arbitration agreements in maritime contracts under the "saving to suitors" clause of the Judicial Code. (28 U.S.C. § 1333(1)), Red Cross Line v. Atlantic Fruit Co., 1924, 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582. There would appear to be no reason whatsoever therefor for there to be any "priority" in this court merely because the action is a maritime one. Thus, if the restraining order presently in effect is to be continued, it would have to be because the filing by the owner of the petition to compel arbitration gave this court such an interest in the entire arbitration proceedings as to warrant the retention in the court of jurisdiction over any subsequent application concerning the arbitration, in accordance with the exception to the prohibition against enjoining state court proceedings contained in 28 U.S.C. § 2283. Of course, the petition to compel arbitration is "the initial step in a litigation which seeks as its goal a judgment affirming the award". Davenport v. Procter & Gamble Mfg. Co., 2 Cir., 1957, 241 F.2d 511, 514, 63 A.L.R. 2d 1350; and see Marchant v. Mead Morrison Mfg. Co., 2 Cir., 1928, 29 F.2d 40, certiorari denied 278 U.S. 655, 49 S.Ct. 179, 73 L.Ed. 565. However, I do not

feel that the filing of a petition, which was never judicially acted upon, gave this court any such interest in the litigation superior to the state court interest therein to warrant injunctive relief. The initial invocation of the aid of the judiciary which is to be seriously contested, took place when the owner moved in the Supreme Court of the State of New York for an order vacating the award. "Priority", if that word can properly be used in this context, should be accorded to the court whose jurisdiction was so initially invoked. Nor is this procedure in any basic conflict with the decision of Judge Dawson in Arbitration between Ilios Shipping & Trading Corp., S.A. and American Anthracite & Bituminous Coal Corp., D.C., 1957, 148 F.Supp. 698. In that case it was not decided that this court had any primary jurisdiction nor any universal priority in maritime arbitration cases. Rather, it would appear that in that case the matter had reached the time for decision in this court sooner than it had in the state court. Judge Dawson merely recognized the fact that this court had jurisdiction over the matter, and that the state court would, in all probability, defer to a prior decision by this court on the same subject matter. He did not, in any way, intimate that the state court did not have jurisdiction, nor did he enjoin the state court action. Here, since the matter was first presented to the state court. I am merely deferring to the state court, a court of concurrent jurisdiction, in the same manner that Judge Dawson contemplated the state court would defer to this court.

In reaching this determination I do not subscribe to the argument raised by the owner that this court has no power to vacate or modify the award since no application for such relief was made here within the three-month period provided for in Section 12 of the Federal Arbitration Act (9 U.S.C. § 12). Rather, there appears to be authority in this Circuit, at least in dicta, to the effect that on a motion to confirm an award the party opposing the confirmation may object upon any ground which constitutes a sufficient cause to vacate, modify or correct the award. The Hartbridge, 2 Cir., 1932, 57 F.2d 672. However, because of the disposition I shall make hereafter, I find it unnecessary to make any ruling on the point.

The matter is disposed of as follows:

 The stay contained in the order to show cause is vacated and, in the exercise of the inherent power of the court to control the disposition of the causes on its docket with economy of time and effort, the motion to confirm in this court is stayed pending the determination of the motion to vacate in the New York Supreme Court, 193 N.Y.S.2d 321. Landis v. North American Co., 1932, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153. In the event the owner does not proceed diligently with its application before the state court, the charterer may, of course, move for a vacation of the stay and a timely hearing on its motion in this court.

It is so ordered.