In the Matter of the Arbitration between
**WAMSUTTA MILLS, Petitioner,**
and
**William POLLOCK, Sr., as President and John Chupka, as Secretary-Treasurer of the Textile Workers Union of America, AFL–CIO, Respondent.**

United States District Court
S. D. New York.

Oct. 15, 1959.

Reargument Granted Nov. 30, 1959.

On Reargument Feb. 3, 1960.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for petitioner.

Benjamin Wyle, and Nathaniel H. Janes, New York City, for respondent.

DIMOCK, District Judge.

This is a motion by an employer, Wamsutta Mills, to remand to the New York Supreme Court a proceeding which it began in that court to stay an arbitration proceeding brought by a labor union,

Textile Workers Union of America, AFL–CIO. The proceeding was removed to this court by the labor union.

The employer sought from the state court a stay of the arbitration proceeding on the ground that the subject matter was not covered by the arbitration provisions of the collective bargaining agreement between the parties. The proceeding in the state court was removed to this court on the ground that it amounted to one of the "[s]uits for violation of contracts between an employer and a labor organization" which may, pursuant to section 301(a) of the Labor Management Relations Act,* 29 U.S.C. § 185(a), be brought in a district court of the United States.

■ The removal was unauthorized. A proceeding to stay arbitration on the ground that the contract invoked does not require the parties to arbitrate the particular question presented is not a suit for a violation of that contract. It is a suit involving the construction of that contract. In a decision almost exactly in point, Mengel Co. v. Nashville Paper Products and Speciality Workers Union, 221 F.2d 644, the Court of Appeals for the Sixth Circuit had before it a suit for a declaratory judgment that a certain issue was not arbitrable. The court there held that such a suit was not a suit for violation of the contract, saying, at page 647, "The present suit, instead of seeking to enforce a contract provision attacks the validity of an arbitration award on the ground that there was *no contract* authorizing the arbitration and the award." Judge Murphy of this court followed the Mengel case in International News Service v. Gereczy, D.C., 160 F.Supp. 5. On the other hand, Judge Anderson of the United States District Court for the District of Connecticut, in Ingraham Co. v. Local 260, International Union of Electrical Radio

& Machine Workers, 171 F.Supp. 103, at page 106, refused to follow the Mengel case saying, "The same issues are before the court in a suit to modify as in a suit to confirm or enforce an award and it should make no difference which party sued when the issues are the same."

I must agree that it is hard to see why a Congress that wanted to give the federal courts jurisdiction of suits for violation of collective bargaining agreements would not have wanted to give them jurisdiction of suits like this involving the interpretation of a collective bargaining agreement. Nevertheless, Congress used plain language which includes nothing but suits for violation of contracts. I think that I would be stepping out of the judicial role and assuming the legislative were I to hold that a proceeding to stay arbitration as unauthorized by a contract was a suit for violation of that contract. I therefore throw in my lot with the Sixth Circuit and Judge Murphy and direct the remand of the present proceeding.

So ordered.

### On Motion for Reargument

Motion for reargument granted. An arbitration proceeding is classified as a special proceeding by section 1459 of the New York Civil Practice Act. Discussion will be limited to the following questions: was this arbitration proceeding a "special proceeding", and was it a "civil action", when was it "brought in a State court", who was the "defendant" in the proceeding and what was the "initial pleading" in the proceeding as those terms are used in sections 1441 and 1446(b) of title 28 U.S.C.? The court will hear the parties at 4:30 p. m. on December 15, 1959, in Room 1105, United States Court House, or at such time as convenient for parties in this case and Minkoff v. Budget Dress Corporation, Civ. 149–149.

---

* (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

828

## On Reargument

 I adhere to my views expressed in the memorandum dated October 15, 1959. The similarity, however, between this case and Minkoff v. Budget Dress Corporation, Civ. No. 149–149, 180 F. Supp. 818, in which I filed an opinion today, renders it appropriate to extend my comments. Crucial to the Minkoff decision was the fact that the arbitration was conducted pursuant to New York law. That meant that, once the arbitration proceeding got into court, each phase of it whether brought by the employer or by the Union was a step in a "special proceeding" and part of the same "civil action" for removal purposes. In that "civil action" the Union was the plaintiff and from its claim it was apparent that the "civil action" was one of the "suits for violation of contracts" contemplated by the Taft-Hartley Act, § 301, 29 U.S.C. § 185(a), and thus removable to the federal court. Removal was disallowed only because it was untimely. In the case at bar there was no provision in the contract for the arbitration to be conducted pursuant to New York law or in New York. The law I would look to to determine the nature of the proceedings would be Massachusetts law. The collective bargaining agreement on which the Textile Workers Union of America relied when it instituted arbitration proceedings and which Wamsutta Mills seeks to have construed was negotiated and executed in Massachusetts and was to apply to workers in a Massachusetts mill and to their employer. There being no contention that Massachusetts law treats multiple steps in an arbitration proceeding as part of one proceeding in court, Wamsutta Mills' motion for a stay was a proceeding separate from any prior or subsequent applications to a court by either party to the dispute. Wamsutta Mills was in control of this motion and was, therefore, the plaintiff, Mason City & Fort Dodge R. Co. v. Boynton, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629, and the party whose claim determined the removability of the proceeding, Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194. Since the claim stated by Wamsutta Mills was not removable, the motion to remand was granted.