Application of **ROSENTHAL-BLOCK CHINA CORPORATION** et al., for an order restraining certain arbitrations attempted to be had by Rosenthal-Porzellan Aktiengesellschaft, Porzellanfabrik F. Thomas & Co., Porzellanfabrik Waldershof A.G. vormals Johann Haviland and Rosenthal Porzellanfabrik Selb Kunstabteilung, German corporations, and directing arbitration of any Noritake claim within the limits of the provisions of an agreement dated February 7, 1952, before the Arbitration Tribunal of the American Arbitration Association.

Application of Raymond **LOEWY** et al. for an order restraining certain arbitration attempted to be had by Rosenthal-Porzellan Aktiengesellschaft, Rosenthal Porzellanfabrik Selb Kunstabteilung, Porzellanfabrik F. Thomas and Porzellanfabrik Waldershof A.G. vormals Johann Haviland, German corporations, before the Arbitration Tribunal of the American Arbitration Association and directing arbitration of any Noritake claim within the limits of the provisions of an agreement dated February 7, 1952.

United States District Court
S. D. New York.

April 5, 1960.

Rehearing Denied April 19, 1960.

Paul, Weiss, Rifkin, Wharton & Garrison, New York City, for Rosenthal-Block China Corp., Simon H. Rifkin, Arthur L. Liman, New York City, of counsel.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for Steelmaster, Inc., Joseph Block, Dorothy Block and Irving Block, Morris Gutt, New York City, of counsel.

Spiro, Felstiner & Prager, New York City, for Rosenthal-Porzellan Aktiengesellschaft and others. William W. Prager, Philip Bloom, New York City, of counsel.

Allan D. Emil, New York City, for Raymond Loewy, A. Baker Barnhart, William T. Snaith, Jean Thompson Bienfait d/b/u the firm name and style of Raymond Loewy Associates. Melvin A. Albert, New York City, of counsel.

DIMOCK, District Judge.

These are motions to remand a case which had been removed to this court from the Supreme Court of the State of New York. The removal took place when a group of American corporations and individuals moved in the New York Supreme Court to stay arbitration proceedings which had been begun by a group of German corporations. The German group removed the court proceeding to this court. The American group's motion to remand is based on the contention that the members of the German group are plaintiffs and thus cannot remove. 28 U.S.C. § 1441(a).

The theory of the German group is that the motion to stay arbitration was an isolated proceeding in which the American group were plaintiffs and that the German group, as defendants, were entitled to remove it to the federal court.

The situation is much like that presented in Minkoff v. Budget Dress Corporation, D.C., 180 F.Supp. 818, which I decided on February 3, 1960. There a labor union, of which Minkoff was treasurer, filed a complaint in an arbitration proceeding. The employer moved in the New York Supreme Court for a stay. I held that the contract for arbitration required by its terms that the arbitration must be held under the provisions of the New York Civil Practice Act and further held that a proceeding under that act was a single, indivisible, one. I further held that the union was "plaintiff" in that proceeding so that the only party who could remove it was the "defendant" employer. Since the employer's attempt to remove did not come within the period prescribed by the federal statute, however, I held that the matter must be remanded. My problem here is to determine whether I must hold that the New York Civil Practice Act applies here too and that the German group who initiated the arbitration

proceeding are plaintiffs so that they were not justified in removing the matter to this court.

■ The American and German groups are the respective parties to a contract which provides for arbitration of disputes in accordance with the rules of the American Arbitration Association and that judgment upon the award rendered "may be entered in any Court having jurisdiction thereof." It also recites that it was made in the State of New York and "shall be interpreted according to the laws of that state".

Those provisions do not amount to an agreement that court proceedings relating to the arbitration shall be taken in the New York Supreme Court as did the provisions in the case of Minkoff v. Budget Dress Co. supra. Nevertheless they permit proceedings in that court.

■ The fact that the contract involved foreign commerce did not deprive the New York courts of jurisdiction. Indeed there is no independent jurisdiction in the federal courts to stay unauthorized arbitration proceedings in interstate and foreign commerce matters. It is only where the federal court has some other basis of jurisdiction such as diversity of citizenship or federal question that the Federal Arbitration Act, 9 U.S.C. §§ 1–14, can be applied. As Circuit Judge Medina said in Robert Lawrence Company v. Devonshire Fabrics, Inc., 2 Cir., 271 F.2d 402, 409:

> "We, therefore, hold that the Arbitration Act in making agreements to arbitrate 'valid, irrevocable, and enforceable' created national substantive law clearly constitutional under the maritime and commerce powers of the Congress and that the rights thus created are to be adjudicated by the federal courts whenever such courts have subject matter jurisdiction, including diversity cases, just as the federal courts adjudicate controversies affecting other substantive rights when subject matter jurisdiction over the litigation exists."

■ The diversity jurisdiction of the federal courts is concurrent with that of the state courts unless and until made exclusive by invocation in the manner provided by law.

■ The American group were therefore justified in choosing the New York Supreme Court as the tribunal where they would make their motion to stay the arbitration but the German group were not justified in removing the proceeding to the federal court because the German group were not defendants and thus could not invoke diversity jurisdiction in the manner provided by law.

■ By virtue of its invocation of the power of the New York Supreme Court the American group brought into existence a "special proceeding" in that court, single and indivisible from the notice of arbitration to the judgment confirming the award. N. Y. Civil Practice Act, § 1459. Throughout that special proceeding the German group, who instituted and controlled it, were plaintiffs and the American group, defendants. Mason City & Ft. D. R. R. Co. v. Boynton, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629. The removal, since it was made by "plaintiffs", was improper.

■ The German group say that, even if they be held to be plaintiffs, there is something wrong with this result that keeps them out of the federal court. They say that a plaintiff may always choose his forum. They do not say what there was to prevent them from choosing the federal court by bringing on a motion to compel arbitration under 9 U.S.C. § 4 at the same time that they served their notice of arbitration. Be that as it may, it is not true that a plaintiff may always choose his forum. A plaintiff, though made the object of a counterclaim involving both diversity of citizenship and the jurisdictional amount, is not permitted to choose to remove to the federal court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214.

Motions to remand granted.

So ordered.

**On Motion for Reargument.**

Motion for reargument denied. While my opinion in Wamsutta Mills v. Pollock, D.C., 180 F.Supp. 826 was correct in its result since the controversy was not removable since the removing party had the status of plaintiff, further reflection in the course of the consideration of the motions in this case has led me to the conclusion that statements in that opinion differ from statements in the opinion in this case filed April 5, 1960 and that to the extent that they differ they are incorrect.