**Matter of the Arbitration between Charles N. HALL, as President of the Engineers Association, Petitioner,**

**and**

**SPERRY GYROSCOPE COMPANY DIVISION OF SPERRY RAND CORPORATION, Respondent.**

United States District Court
S. D. New York.
May 16, 1960.

Vladeck & Elias, New York City, Judith P. Vladeck, David L. Bernstein, New York City, of counsel, for petitioner.

Poletti & Freidin, New York City, Jesse Freidin, Eric Rosenfeld, New York City, of counsel, for respondent.

THOMAS F. MURPHY, District Judge.

Sperry moves to remand this proceeding to the Supreme Court of New York from whence it was removed by the Engineers Association. It urges two grounds, (1) that this court lacks original jurisdiction of its motion to stay arbitration made in the State Court and (2), the Association having instituted the arbitration proceeding, it is the "plaintiff" and since a plaintiff cannot remove actions to the federal courts the removal was improper.

There is no dispute as to the facts. Both litigants are parties to a collective bargaining agreement, one paragraph of which (Article 18, paragraph C, 2) relates to a salary expansion increase for members of the Association. Purportedly pursuant to such paragraph, Sperry notified the Association of its formula for such expansion increases. The Association on January 20, 1960, filed its grievance with the company claiming that the values that Sperry used in its formula violated the agreement. On February 11, 1960, Sperry replied that the valuations conformed with the agreement and there was no contractual violation. On February 15, 1960, the Association advised Sperry of its intention to submit its grievance to arbitration and on March 1, 1960, requested the American Arbitration Association to appoint an arbitrator. On March 18, 1960, Sperry countered with a motion in the Supreme Court to stay arbitration on the ground that the grievance did not arise out of the collective bargaining agreement. On March 25, 1960, the Association filed its petition for removal alleging that this court had original jurisdiction under §§ 2(7) and 301(a) of the Labor Management Relations Act. 29 U.S.C.A. §§ 152(7) and 185 (a). Sperry admits it is in an industry affecting commerce and comes clearly within § 2(7).

■ We see no need to expound on a subject that has received considerable attention since the Supreme Court's decision in Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972. Suffice it to say that the motion by Sperry to stay the arbitration is, in our considered opinion, not a suit for violation of the collective bargaining agreement. Wamsutta Mills v. Pollock, D.C.S.D.N.Y.,1960, 180 F.Supp. 826, 827. The entire thrust of Sperry's motion to stay arbitration is that the contract has been complied with, and the salary expansion increase formula follows the letter of the agreement in every detail. Instead of pleading "violation" it alleges conformity.

But to say that the court lacks jurisdiction of the motion to stay arbitration does not dispose of the problem.

■■ Under the rationale of Minkoff v. Budget Dress Corp., D.C.S.D.N.Y. 1960, 180 F.Supp. 818, 822, it would seem that, in contemplation of New York law, a "suit" was pending in its courts from the time the Association served notice to arbitrate, so as to enable Sperry to move in the State Court for a stay of the proceedings. As soon as Sperry made that motion in the State Court the entire proceeding became "ripe for removal" to this court, i. e., it then became a civil action within the meaning of the Federal Removal Statute, § 1441(a), 28 U.S.C. The grievance sought to be arbitrated by the Association must be considered a "suit" within the meaning of § 301(a) of the Labor Management Relations Act. We quote from the grievance itself: "The values of 'K' and 'C' which the Company wishes to apply *violates Article 18 Paragraph C, 2 of the current agreement.*" [Emphasis added.] Here then is a specific unequivocal charge of a violation of a contract. Whether it has merit or not is beside the point. Jursidiction is determined from the face of the pleading. Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194.

■ However, the statute authorizing removal of a civil action (28 U.S.C. § 1441(a)) permits removal only by a defendant or defendants. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L.Ed. 1214.

■ Since the arbitration proceeding was commenced by the Association's notice to arbitrate, it is a "plaintiff" in that proceeding, and Sperry's motion was merely a procedural step in the proceeding under the law of New York; it did not make it in turn the plaintiff and the Association the defendant. Cf. Minkoff v. Budget Dress Corp., supra.

Because the removal by Engineers Association was improper, it not being a defendant, the proceeding must be remanded. In the Matter of the Application of Rosenthal-Block China Corp., D.C. S.D.N.Y., 18 F.Supp. 659.

Settle order.