**In the Matter of the Arbitration**
**between**
**VICTORIAS MILLING CO., Inc., owner of THE Philippine Steamer SAN VINCENTE**
**and**
**HUGO NEU CORPORATION, Charterer under Voyage Charter Party of September 18, 1959.**

United States District Court
S. D. New York.
July 13, 1961.

Webster, Sheffield & Chrystie, New York City, for owner.

Burlingham, Hupper & Kennedy, New York City, for charterer.

EDELSTEIN, District Judge.

*Sub judice* are motions arising out of a charter party between Victorias Mill-

ing Co., Inc., ("Victorias"), and Hugo Neu Corporation, ("Hugo Neu").

Victorias is a corporation organized and existing under the laws of the Republic of the Philippines. Hugo Neu is a New York corporation. Under a charter party dated September 18, 1959, Victorias, as owner, chartered the Philippine Steamer San Vincente to Hugo Neu to transport a cargo of scrap from Philadelphia to Japan. A dispute arose between the parties as to whether the vessel had met the requirements of the charter party concerning available cargo space. At the conclusion of the charter Hugo Neu refused to pay the balance due, alleging that the vessel failed to meet the requirements of the charter party and claiming damages. The charter party provided for arbitration at New York by three persons, one to be appointed by each of the parties and the third appointed by the two arbitrators so chosen. Victorias demanded arbitration. Arbitrators were appointed and a hearing was held on August 18, 1960. The arbitrators found, by a 2–1 vote, that the vessel met all the requirements of the charter party and awarded Victorias the balance of the freight.

On December 28, 1960, Hugo Neu moved, in the Supreme Court of New York, to vacate the award under § 1462 of the N.Y. Civil Practice Act. On January 3, 1961, Victorias moved in this court for an order pursuant to § 9 of the United States Arbitration Act, 9 U.S.C. § 9, to confirm the award. Victorias then filed on January 6, 1961, a petition for removal to this court of the motion to vacate. On January 12, 1961, Hugo Neu moved pursuant to 28 U.S.C. § 1447, to remand the motion to vacate to the New York Supreme Court. As a result of adjournment of return dates, this court has before it all three motions: (1) the motion to remand; (2) the motion to vacate; and (3) the motion to confirm. Since the motion to remand must be granted, the merits of the controversy will not be reached at this time.

The removal petition was filed pursuant to 28 U.S.C. § 1441(1958).[1] The plain words of the statute show clearly that the right to remove is confined to "the defendant or the defendants." Although either party was permitted to remove an action under the Judiciary Act of 1875, ch. 137, § 2, 18 Stat. 470, the right or removal has been withdrawn from the plaintiff by subsequent enactments. Judiciary Act of 1887–1888, ch. 373 § 2, 24 Stat. 552; Judicial Code of 1911, ch. 231, § 28, 36 Stat. 1087; see Chicago, Rock Island & Pacific R. R. Co. v. Stude, 1954, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317; Rock Island Motor Transit Co. v. Murphy Motor Freight Lines, Inc., D.C.D.Minn.1952, 101 F. Supp. 978; Haney v. Wilcheck, D.C.W.D. Va.1941, 38 F.Supp. 345. Thus, the initial question to be resolved is whether Victorias is a defendant and a proper party to effect removal. Although this point has been raised by neither party, no discussion would be complete without considering the line of decisions in this district having its genesis in Minkoff v. Budget Dress Corp., D.C.S.D.N.Y.1960, 180 F.Supp. 818. See Wamsutta Mills v. Pollock, D.C.S.D.N.Y.1960, 180 F.Supp. 826, 828; Application of Rosenthal-Block China Corp., D.C.S.D.N.Y.1960, 183 F. Supp. 659; Hall v. Sperry Gyroscope Co., D.C.S.D.N.Y.1960, 183 F.Supp. 891.

1. "§ 1441. Actions removable generally.
"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In Budget Dress, a union had initiated an arbitration by the filing of a complaint with an industry arbitrator pursuant to an agreement between the parties. The state court denied the employer's motion to stay the arbitration. The arbitration was had and resulted in an award for the union. The union's motion in the New York Supreme Court to confirm the award was removed to this court by the employer. The union then moved to remand on the ground that the removal was not timely in that the time for removal should be computed from the moment the motion to stay the arbitration was made. In order to decide when all the prerequisites for removal were met so as to begin the running of the time limit, the court found it necessary, as one of the steps in its reasoning, to determine who is the plaintiff for purposes of removal. The court accepted the characterization of the New York courts that arbitration conducted pursuant to the New York Civil Practice Act is a single, indivisible "special proceeding" pending from the moment the notice to arbitrate is served. Although the proceeding is "brought" and is thus ripe for removal only when intervention by the state court is requested, Minkoff v. Scanton Frocks, Inc., D.C.S.D.N.Y. 1959, 172 F.Supp. 870, yet the court held that each phase of the proceeding, irrespective of which party motivates it, is merely a step in the unitary "special proceeding." The court then found that the union, as the party that instituted the arbitration by filing a notice, was the plaintiff. The parties became fixed in their respective positions at that time, without regard to which party first moved a court for relief.

■ If the reasoning of Budget Dress is to be followed here, then Victorias, as the party that initiated the proceedings by demanding arbitration, would be cast in the posture of plaintiff. And that would dispose of the motion to remand without more, since removal is a right exclusively available to a defendant. However, I cannot agree with the rationale of Budget Dress that the party who demands arbitration is irrevocably denominated as a plaintiff for removal purposes. Nevertheless, I reach the result that remand in this case is proper on the jurisdictional ground.

Budget Dress, standing by itself, is distinguishable on the facts from the case at bar. In a companion case, on reargument, decided the same day, the court made clear the basis of its decision. "Crucial to the Minkoff [v. Budget Dress Corp.] decision was the fact that the arbitration was conducted pursuant to New York law." Wamsutta Mills v. Pollock, supra, at page 828 of 180 F.Supp. There, the contract between the parties provided for arbitration pursuant to the New York arbitration laws, and that court proceedings shall be taken in the New York Supreme Court. Here, the arbitration clause provides merely that the arbitration shall be held "at New York", but is devoid of any specific mandate as to the law pursuant to which it shall be conducted, or the forum in which disputes will be resolved. But such a facile distinction merely glides over the more basic issue involved. And it would also fail to take cognizance of the extension of the Budget Dress doctrine in Application of Rosenthal-Block China Corp., supra, decided by the same court.

In Rosenthal, the court held that notwithstanding the absence of an agreement that court proceedings relating to the arbitration shall be taken in the New York courts, the invocation of the power of the New York courts by a motion to stay arbitration brought into existence a special proceeding in that court. The party having instituted the arbitration was denominated a plaintiff and was denied the right of removal.

■ The removing party argued that although defined as plaintiff, it had no choice of forum. The court responded by pointing out that the choice of forum could have been assured by bringing on a motion to compel arbitration contemporaneous with the service of the notice to arbitrate. However, this negates the concept that commercial arbitration is

68

intended as a substitute for litigation. The result thus obtained would be an increase of applications for judicial relief in an area where the desired policy is to minimize resort to the courts. It would appear that the better rule is to classify as plaintiff, for the purposes of removal of arbitration questions, the party who first invokes the aid of the court.

A state may choose to characterize arbitration proceedings in any manner it wishes for purposes of its own internal procedure. But in deciding removal questions, federal courts must construe the removal statute based upon their own determinations. "For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute. Shamrock Oil [& Gas] Corp. v. Sheets, 313 U.S. 100, 104 [61 S.Ct. 868, 85 L.Ed. 1214]." Chicago R. I. & P. R. Co. v. Stude, 1954, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317. The purpose of the Removal Act in limiting removal to defendants is to restrict the right to the party who had no choice in the selection of the forum. See Mohawk Rubber Co. of New York v. Terrell, D.C. W.D.Mo.1926, 13 F.2d 266. The party who, by his own affirmative and voluntary act, chose the jurisdiction of the state court, should be bound by his choice of forum. See Haney v. Wilcheck, supra. The Budget Dress-Rosenthal rule binds a party as plaintiff or defendant without regard to choice of forum. It may be argued that on its own facts, Budget Dress is compatible with the purpose of limiting removal to defendants, for both parties there agreed to be controlled by the state forum. But the Rosenthal extension disregards that purpose by classifying as defendant the very party who had made the choice of forum. And in the instant case, where the contract specified no forum, and where there is concurrent jurisdiction in the state and

federal courts, to bind Victorias as plaintiff would fly in the face of the concept of forum choice. It was Hugo Neu that chose to proceed in the Supreme Court. And Victorias evidenced its desire to proceed in the federal court not only by removing, but also by filing its motion to confirm in the District Court. Moreover, deciding who is plaintiff on the basis of the initial request for arbitration ignores the fact that it is impossible to determine at that stage which party will invoke the aid of a court, which forum a party will resort to, or even whether the intervention of any court will be requested. See Minkoff v. Scranton Frocks, Inc., D.C.S.D.N.Y.1959, 172 F.Supp. 870, 876.

The test to be applied in deciding who is plaintiff for purposes of removal was laid down in Mason City & Ft. D. R. Co. v. Boynton, 1907, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629 and reaffirmed in Chicago, R. I. & P. R. Co. v. Stude, 1954, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317. Mason City involved condemnation proceedings pursuant to an Iowa statute. The statute denominated the owner as plaintiff and the condemnor as defendant. In deciding the removability question, the Court realigned the appellations since it found that the mainspring of the proceedings was the condemnor's intent to get the land and that the institution and continuance of the proceedings depended upon its will. It may be argued, and indeed the Budget Dress court does, that it follows that the one who serves a notice to arbitrate is in control of the proceedings and is therefore a plaintiff. But there is no parallel between arbitration proceedings and condemnation. The latter is from the outset a judicial or quasi-judicial process, set up entirely by the legislature and not dependent upon the consent of the parties. Commercial arbitration, on the other hand, is based upon the consent of the parties and is intended to be a substitute for litigation. The effect of the notice to arbitrate is to activate a consensual proceeding based upon a contract between the parties. The proceed-

ings cannot be considered to be under the control of or dependent upon the will of either party until a court is asked to intervene. Since an arbitration proceeding is not ripe for removal until judicial intervention is sought, Minkoff v. Scranton Frocks, Inc., supra, it is at that point that control becomes meaningful. Policy considerations and efficient judicial administration dictate that for removal purposes the party who initiates court action in an arbitration situation should be denominated plaintiff. It is upon his will that the institution and continuance of the judicial processes depend and it is he who has chosen the forum. Thus, in the instant case, Victorias as the passive party in the state court, is to be considered a defendant and a proper party to remove.

It may be argued, of course, that both the Budget Dress-Rosenthal rule and the rule herein proposed are unsatisfactory. A third possibility which comes to mind would classify as plaintiff the party to whom the arbitration award is due and owing. For it is the party who seeks to collect his award who is a plaintiff in the true sense of the term. And his choice of forum can be adequately assured by moving to confirm the award as soon as it is handed down. Two defects in this theory, however, necessitate its rejection. First, it fails to cover removal possibilities arising prior to an arbitration award, such as motions to stay and compel arbitration. Second, it suffers from the same infirmity in terms of arbitration policy as the Rosenthal solution. For it would require the successful party to proceed to court immediately instead of attempting to secure payment of the award by way of an informal request. The resulting increase in litigation is clearly contrary to the underlying policy of promoting arbitration as a means of settling disputes. Thus, this alternative, as well as the Budget Dress-Rosenthal rule, is unacceptable. The proposed rule which defines as plaintiff the party first seeking judicial intervention is in harmony with the policy of consensual arbitration, and is easy to administer.

■ Turning then to the grounds for removal, has Victorias sustained its burden of establishing federal jurisdiction? Victorias alleges as the grounds for removal that this court has original jurisdiction under 28 U.S.C. § 1333 [2] and 9 U.S.C. §§ 1, 9, 10. The thrust of Victorias' argument depends upon an interpretation of the holding in Robert Lawrence Co. v. Devonshire Fabrics, Inc., 2 Cir., 1959, 271 F.2d 402, certiorari granted 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, certiorari dismissed pursuant to stipulation 1960, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37. There the Court of Appeals held that the United States Arbitration Act created national substantive law relative to arbitration agreements affecting commerce or maritime transactions. It is Victorias' contention that the Arbitration Act provides an independent basis for original federal jurisdiction, permitting it to remove.[3] This contention cannot be sustained.

■ The Lawrence Court specifically stated "that though new substantive federal rights were created, suits

---

**2.** "§ 1333. Admiralty, maritime and prize cases.

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

"(2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize."

**3.** "Whether § 2 [of the Arbitration Act] furnishes the basis of federal-question jurisdiction is an issue only when the party invoking § 2 seeks affirmative relief, not when he pleads his right as a defense to a state court action and seeks to remove to federal court. An action 'does not arise under federal law, for the purposes of § 1331, if the federal question enters only by way of defense.' Hart & Wechsler, The Federal Courts and the Federal System 763 (1953) (Collecting cases)." Comment, 69 Yale L.J. 847, 861, n. 85 (1960).

involving the application of the Arbitration Act do not furnish an independent basis of federal jurisdiction under 28 U.S.C. § 1331." 271 F.2d at page 408. And in summarizing its holding that the Arbitration Act created national substantive law, the Court also held "that the rights thus created are to be adjudicated by the federal courts *whenever such courts have subject matter jurisdiction*, including diversity cases, just as the federal courts adjudicate controversies affecting other substantive rights when subject matter jurisdiction over the litigation exists." (Emphasis added.) See Metro Industrial Painting Corp. v. Terminal Const. Co., 2 Cir., 1961, 287 F.2d 382, 384. Victorias is thus thrown back on the underlying subject matter jurisdiction, which in this case is maritime. Since the state courts have concurrent jurisdiction over this matter, Red Cross Line v. Atlantic Fruit Co., 1923, 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582, Hugo Neu chose to pursue its remedy in the courts of New York, relying upon the "saving to suitors" clause of 28 U.S.C. § 1333. It should be clear by this time that maritime matters brought in the state courts pursuant to the "saving to suitors" clause are not removable absent diversity of citizenship. See Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 359–380, 79 S.Ct. 468, 3 L.Ed.2d 368; Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615. No allegation of diversity has been made here.

■ The motion to remand must be granted. In dealing with the motion to vacate the award, the state court will be faced with the question of whether the substantive law doctrine of Lawrence compels application of federal law or whether state rules on vacating awards should apply. See Comment, 69 Yale L.J. 847, 864–65(1960); Note 45 Cornell L.Q. 795, 798–800(1960). The fact that the ultimate resolution may require the state court to apply federal law does not prevent remand. Where Congress has seen fit to grant concurrent jurisdiction to the state courts, they are competent to dispose of questions involving federal law.

■ The remand to the state courts disposes of two of the pending motions. This leaves the motion to confirm the award still before this court. Hugo Neu urges that action on that motion be deferred until the motion to vacate has been decided by the state courts. I am disposed to grant the application. The matter was originally presented to the state court which has concurrent jurisdiction. There is no universal priority in maritime arbitrations in the federal courts. See Cocotos Steamship of Panama, S. A. v. Hugo Neu Corp., D.C.S.D. N.Y.1959, 178 F.Supp. 491. As a matter of fact, if this court were to decline to defer to the state court which first acquired jurisdiction, it would present a readily available method for litigants to nullify the effect of the "saving to suitors" clause. Victorias is of course free to cross move to confirm in the state courts. But to deal now with its motion to confirm would defeat the concurrent jurisdiction of the state court. Victorias' argument that Lawrence makes it mandatory that federal courts decline to defer to the state jurisdiction is without merit.

The motion to remand is granted. The motion to confirm in this court is stayed pending determination of the motion to vacate in the New York Supreme Court. In the event Hugo Neu does not proceed diligently to bring on the motion to vacate for a hearing in the state court, Victorias may move for a vacation of the stay and a timely hearing of its motion to confirm in this court.

So ordered.