In the Matter of the Arbitration of Controversies between OLD DUTCH FARMS, INC. and Cedar Lane Farms, Inc., Petitioners,

and

MILK DRIVERS AND DAIRY EMPLOYEES UNION LOCAL 584, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.

United States District Court
E. D. New York.

Oct. 3, 1963.

Marcus, Maltinsky & Marcus, Brooklyn, N. Y., Herbert L. Maltinsky, Brooklyn, N. Y., of counsel, for petitioners.

Cohen & Weiss, New York City, Samuel J. Cohen, Herbert A. Levy, New York City, of counsel, for respondent.

ZAVATT, Chief Judge.

The petitioners, the respondent and other employers in the milk industry in the Metropolitan area entered into a contract, Milk Industry Collective Bargaining Agreement, effective October 24, 1961 to October 24, 1963. Petitioner, Old Dutch Farms, Inc., is a distributor of milk and milk products which it purchases from Balsam, a processor, and distributes to the ultimate consumer over door-to-door routes. Said petitioner maintains its office and garage at the premises occupied by Balsam. After the labor contract was entered into, and on May 5, 1962, this petitioner established a small cash and carry retail establishment at 1881 Flatbush Avenue, Brooklyn, New York. It was originally designated as a "milk depot" but is now styled a "milk store." It is equipped with refrigeration cabinets in which are stored milk and other milk products. It has some open shelf and counter space. At this store said petitioner sells milk and milk products, beer, soda, some baked goods, cold cuts and meat, coffee and other food items. It does not carry a full line of grocery store or delicatessen store items. Its employees consist of eight salesmen-drivers (who cover the door-to-door routes) and one transporter whose primary work is to deliver milk in bulk from the processor to said petitioner's store. Par. 66A of the labor contract provides that "It shall be a violation of this agreement for any party to said agreement to * * * establish, service, or deliver to depots for the purpose of distributing or selling milk." It excludes therefrom, however, "existing milk stations as of February 18, 1957."

A dispute having arisen between petitioner Old Dutch Farms, Inc. and the respondent as to whether the delivery of milk to this store by Old Dutch Farms, Inc. constituted a violation of Par. 66A, the issue was submitted to arbitration, upon the initiative of the respondent, pursuant to Par. 16(a) of the labor contract which provides as follows:

"16. (a) Any and all disputes and controversies arising under or in connection with the terms or provisions of this agreement, or in connection with or relating to the application or interpretation of any of the terms or provisions hereof, or in respect to anything not herein expressly provided but germane to the subject matter of this agreement, which the representatives of the Union and the Employer have been unable to adjust, shall be submitted for arbitration to an arbitrator selected from a list of arbitrators to be furnished by the Federal Mediation and Conciliation Service in each case. If no arbitrator on such list is mutually acceptable to the parties, the arbitrator shall be designated by the Director of the Federal Mediation and Conciliation Service or his duly authorized designee. In the event that a party to this Milk Industry Collective Bargaining Agreement invokes the arbitration provisions of this Agreement with regard to an is-

sue that has previously been decided by arbitration after October 24, 1961, in a case involving the same local union, and unsuccessfully prosecutes said arbitration, the arbitrator's fee and such other costs as the arbitrator may determine shall be assessed by the arbitrator against such party, provided that a copy of the first arbitration award has been served upon the other party by the party invoking arbitration before proceeding to arbitration and provided that each local union has sent to the Greater New York and Northern New Jersey Milk Dealers Labor Committee a copy of every arbitration award rendered after October 24, 1961 in a case in which it was a party.

"The decision of the arbitrator so selected or designated shall be final and binding upon the parties. The fees and expenses of the arbitrator in such cases shall be borne equally by the parties."

Hearings before arbitrator Moskowitz were held on March 4, 13 and May 22, 1963, during which 170 pages of transcript were taken, and the proceeding was adjourned to June 4, 1963. Before the adjourned date the respondent went on strike and picketed the Balsam premises. Old Dutch Farms, Inc. filed a charge against respondent under the Labor Management Relations Act, 29 U.S.C. § 158(b) (4) (i), (ii) (B), claiming that the strike against Balsam was an illegal secondary boycott for the purpose of forcing Balsam to refuse to sell milk to Old Dutch Farms, Inc.

In a proceeding instituted in this court by the National Labor Relations Board against the respondent, 63–C–748, seeking an injunction, Judge Dooling conducted a hearing, concluded that the respondent's acts were primary strike action against both Balsam and Old Dutch Farms, Inc. and denied the petition for an injunction in an opinion filed August 6, 1963. The actual strike at the Balsam premises lasted for only a few hours when Balsam agreed with the respondent to discontinue selling milk to Old Dutch Farms, Inc. In view of the strike the hearing before the arbitrator set for June 4th was adjourned sine die. On August 6th the arbitrator set August 27th as the date for the next hearing. Old Dutch Farms, Inc. appeared but respondent failed to appear on that day. On August 28th the petitioners filed a petition in the Supreme Court, Queens County, New York, for an order directing respondent to proceed with the arbitration and, pending a determination therein, for a stay of any other arbitration proceedings before any other arbitrator on the same issue as between the respondent and any other signatory to the said labor agreement. Simultaneously, it obtained an order to show cause, dated August 28, 1963 returnable September 5, 1963 with a stay of "all proceedings on the part of the respondent to arbitrate the same or similar issues with any other signatory to the collective bargaining agreement before any other arbitrator be stayed pending the hearing and determination of this proceeding." It should be noted that, at some time subsequent to the initiation by the respondent of the Old Dutch Farms, Inc. arbitration proceeding, another arbitration proceeding before Theodore Kheel had been initiated, involving the same issue as to milk depots and Par. 66A of the contract, between two other signatories thereto (Hegeman Farms Corp. and Holland Farms, Inc.) and the respondent as well as two other locals of the same union, Local 602 and Local 607. Invitations were extended by the respondent (and possibly by the other two locals as well—although this is not clear from the papers before me) to approximately fifteen signatories to the agreement, including petitioner, to intervene in the Kheel arbitration.

Before the return day of the order to show cause, respondent removed the proceeding to this court claiming that it arose under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §

185(a).[1] Simultaneously, respondent filed a motion in this court, returnable the day before the return day of the order to show cause in the state court, for an order vacating the temporary restraining order of the state court dated August 28, 1963. Petitioner questions the jurisdiction of this court over the subject matter and therefore the propriety of the removal to this court. It claims that this is not a suit nor is it grounded in a breach of contract between an employer and a labor organization and, therefore, that this court does not have jurisdiction under 29 U.S.C. § 185(a); that it is not a civil action of which this court has jurisdiction under 28 U.S.C. § 1441(a); that this proceeding should be remanded to the state court; that, if this court does have jurisdiction, it should continue the stay granted by the state court.

■ This court has original jurisdiction if the matter (now here on removal) is a suit for violation of a labor contract in an industry affecting interstate commerce. 29 U.S.C. § 185(a). The petition of respondent in the state court does not allege that either Old Dutch Farms, Inc. or Cedar Lane Farms, Inc. is an employer engaged in interstate commerce. However, the removal petition does so allege and that allegation is not denied. As a general rule this court looks only to the complaint to determine the presence of a federal question. Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In cases removed from a state court to a United States District Court upon the ground that it has original jurisdiction under 29 U.S.C. § 185(a), a line of cases in this Circuit holds that it is permissible to look to the removal petition to determine if the industry is one "affecting commerce." Minkoff v. Scranton Frocks,

Inc., 172 F.Supp. 870, 873 (S.D.N.Y. 1959).

■ Whether or not this is a suit for violation of a labor contract, within 29 U.S.C. § 185(a), is determined by reference to the plaintiff's claim. Minkoff v. Budget Dress Corp., 180 F.Supp. 818 (S.D.N.Y.1960). Who, then, is the plaintiff in the instant case? This question has been considered by the United States District Court for the Southern District of New York and the United States District Court for the Eastern District of Pennsylvania in Monte v. Southern Delaware County Authority, 212 F.Supp. 604 (E.D.Pa.1963); Victorias Milling Co. v. Hugo Neu Corp., 196 F.Supp. 64 (S.D.N.Y.1961); Hall v. Sperry Gyroscope Co. Div. of Sperry Rand Corp., 183 F.Supp. 891 (S.D.N.Y.1960); Application of Rosenthal-Block China Corp., 183 F.Supp. 659 (S.D.N.Y.1960); Minkoff v. Budget Dress Corp., supra. In Monte v. Southern Delaware County Authority, supra, and Victorias Milling Co. v. Hugo Neu Corp., supra, the court held that, regardless of which party first demands arbitration, the plaintiff is the party who first resorts to the court with reference to the arbitration. In Hall v. Sperry Gyroscope Co. Div. of Sperry Rand Corp., supra, Application of Rosenthal-Block China Corp., supra, and Minkoff v. Budget Dress Corp., supra, the court held that the party who first demands arbitration is the plaintiff, regardless of which party thereafter first resorts to the court with reference thereto. In these latter cases the courts based their decisions upon the law of New York which considers arbitration to be a special proceeding which is commenced by the party first demanding arbitration and that any resort to the courts thereafter is merely a further step in that proceeding. E. g., Shine's Restaurant,

1. "§ 185. Suits by and against labor organizations—Venue, amount, and citizenship

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Inc., v. Waiters and Waitresses Union, Local No. 1, 20 Misc.2d 737, 113 N.Y.S.2d 315 (1952); Aarons v. Local 32–E, Sup., 82 N.Y.S.2d 262 (1948); Grand Central Theatre v. Moving Picture Machine Operators Union, 69 N.Y.S.2d 115 (1941), aff'd 263 App.Div. 989, 34 N.Y.S.2d 400 (1942). This court is in accord with the views of Judge Edelstein in Victorias Milling Co. v. Hugo Neu Corp., supra, and Judge Wood in Monte v. Southern Delaware County Authority, supra. Judge Edelstein's statements in Victorias Milling Co. v. Hugo Neu Corp., supra, impress this court with their logic and practical considerations:

"I cannot agree with the rationale of Budget Dress that the party who demands arbitration is irrevocably denominated as a plaintiff for removal purposes." 196 F.Supp. at 67.

"It would appear that the better rule is to classify as plaintiff, for the purposes of removal of arbitration questions, the party who first invokes the aid of the court." 196 F.Supp. at 68.

"Moreover, deciding who is plaintiff on the basis of the initial request for arbitration ignores the fact that it is impossible to determine at that stage which party will invoke the aid of a court, which forum a party will resort to, or even whether the intervention of any court will be requested." 196 F.Supp. at 68.

"The effect of the notice to arbitrate is to activate a consensual proceeding based upon a contract between the parties. The proceedings cannot be considered to be under the control of or dependent upon the will of either party until a court is asked to intervene. Since an arbitration proceeding is not ripe for removal until judicial intervention is sought, Minkoff v. Scranton Frocks, Inc., supra, it is at that point that control becomes meaningful. Policy considerations and efficient judicial administration dictate that for removal purposes the party who initiates court action in an arbitration situation should be denominated plaintiff. It is upon his will that the institution and continuance of the judicial processes depend and it is he who has chosen the forum." 196 F.Supp. at 68–69.

This court holds, therefore, that the employers, Old Dutch Farms, Inc. and Cedar Lane Farms, Inc., became plaintiffs when they first resorted to the state court.

■ We look, therefore, to the employers' petition in the state court to determine whether this is a suit for violation of a contract that comes within 29 U.S.C. § 185(a). In that petition the employer alleges that the Union "is seeking to deprive petitioners of its rights to have the issues already submitted to arbitration * * * determined by the arbitrator designated in accordance with the agreement"; that the Union "is attempting to compel petitioners to try the same issues de novo before a strange arbitrator not designated or selected by the parties as required under the contract"; that such action "could result in serious and irreparable damage to the petitioner and will further result in the disruption of the orderly processes or [sic] arbitration under the law and under the collective bargaining agreement between the parties." The relief prayed for is that the Union "proceed to arbitration in accordance with the stipulation and submission * * * and that pending the completion of such arbitration proceeding and hearing and determination thereof, that the respondent be stayed from proceeding to arbitrate the same or similar issues with any other signatory to the collective bargaining agreement." It is clear that the dispute now pending in this court is one concerning the violation of a labor contract. The employer resorted to the state court to compel the Union to perform its contractual obligation to arbitrate and claimed that the Union violated that obligation when it refused to continue the arbitration. The employers' application to enjoin the Union from arbitrating with

other signatories was merely a prayer for relief incidental to its claim of breach of contract.

Notwithstanding how the courts of New York State characterize a petition to compel arbitration, it is clear that the federal courts are not limited thereby and that they hold that such a petition is both a "suit" within 29 U.S.C. § 185(a), Hall v. Sperry Gyroscope Co. Div. of Sperry Rand Corp., supra, 183 F.Supp. at 893; Minkoff v. Budget Dress Corp., supra, 180 F.Supp. at 818; and a "civil action" within 28 U.S.C. § 1441(a); Lummus Co. v. Commonwealth Oil Refining Co., 195 F.Supp. 47, 54–55 (S.D. N.Y.1961); Minkoff v. Budget Dress Corp., supra, 180 F.Supp. at 822; Minkoff v. Scranton Frocks, Inc., supra, 172 F.Supp. at 876–877. See also, Hetherington & Berner, Inc. v. Melvin Pine & Co., 256 F.2d 103 (2d Cir. 1958); Davenport v. Procter & Gamble Mfg. Co., 241 F.2d 511, 63 A.L.R.2d 1350 (2d Cir. 1957).

■ Since the employers are the plaintiffs, it was proper for the Union to remove the suit to this court, provided that the petition for removal from the state court was filed "within twenty days after the receipt by the defendant * * * of a copy of the initial pleading," as required by 28 U.S.C. § 1446(b). As to the timeliness of removal the decisions of our federal courts in this Circuit are uniform. They hold that the twenty day period commences to run from the date of the first court action relating to the arbitration. Minkoff v. Scranton Frocks, Inc., supra; Minkoff v. Budget Dress Corp., supra; Lummus Co. v. Commonwealth Oil Refining Co., supra. See also, Marchant v. Mead-Morrison Mfg. Co., 29 F.2d 40 (2d Cir. 1928), cert. denied 278 U.S. 655, 49 S.Ct. 179, 73 L.Ed. 565 (1929). This Circuit has recognized the position taken by the above cases and declined to express any opinion on its merits in Ballantine Books, Inc. v. Capital Distributing Co., 302 F.2d 17, 19 (2d Cir. 1962). This court holds, therefore, that the removal petition in the instant case was timely filed.

■ This suit having been removed timely to this court which has jurisdiction over the subject matter thereof, and the parties thereto, to what relief are the parties entitled? Paragraph 16(a) of the agreement between the parties is instinct with the obligation on the part of all parties thereto to comply therewith in good faith and with reasonable dispatch. It requires no citation of authority for the proposition that every contract contains an implied covenant of good faith and fair dealing; a covenant not to do anything that will destroy or injure the right of the other to receive the fruits of the contract; a covenant or implied obligation to cooperate with the other so that he may obtain the full benefits of performance. The first hearing before Arbitrator Moskowitz having been held on March 4, 1963, no valid reason appears for the refusal of the Union to continue and complete that arbitration proceeding. Paragraph 16(a) reflects the agreement of the parties not to multiply arbitration proceedings. In furtherance thereof it imposes a penalty upon any party which, after October 24, 1961, invokes paragraph 16(a) with regard to an issue that has previously been decided by arbitration. It is true that the agreement is silent as to what conduct the parties expected from one another once an arbitration proceeding was commenced. It has been held that, once such a proceeding has commenced, a petitioning union which filed the grievance as a result of which the arbitral process has commenced, may not withdraw; that "[t]o do so would destroy the whole warp and woof of arbitration." Simons v. New York Herald Tribune, Inc., 15 Misc. 2d 116, 152 N.Y.S.2d 13, 15 (1956), aff'd 3 A.D.2d 900, 163 N.Y.S.2d 400 (1957). Certainly, one should not be permitted to do indirectly what one may not do directly. The court construes paragraph 16(a) as requiring the parties to proceed with reasonable dispatch once an arbitration proceeding has commenced. Though imperfectly expressed, the entire agreement is instinct with such an obligation. This certainly was the rea-

sonable expectation of the parties, which is a basic guide in interpreting a contract in order to ascertain its intent. E. g., M. O'Neil Supply Co. v. Petroleum Heat & Power Co., 280 N.Y. 50, 55, 19 N.E.2d 676, 679 (1939).

 The text of the telegram which the respondent sent to petitioners and other signatories to the agreement requesting them to join in the Kheel arbitration is as follows:

> "You are hereby requested to submit to arbitration the issue as to violation of Section 66 A by the establishment of milk depots and to refrain from maintaining or establishing any milk depots pending such arbitration. Unless you agree to such arbitration promptly, the Union will consider itself free to take such action as may be necessary to enforce the contract without further notice."

It is clear, therefore, that the respondent is attempting to arbitrate before another arbitrator the very issue involved in the proceeding pending before Arbitrator Moskowitz. This telegram was sent to the petitioners after the respondent had initiated the arbitration proceeding before Moskowitz. Is it not passing strange that the party which invoked paragraph 16(a) of the labor contract and thereafter refused to continue that proceeding should "request" the petitioners, in effect, to join them in withdrawing from the pending arbitration under the penalty of "such action as may be necessary." This threat of action on the part of the Union necessarily implies action other than the continuance of the proceeding before Arbitrator Moskowitz and action other than the peaceful submission of the identical dispute to another arbitrator.

I find that the respondent has breached the arbitration clause of the said contract and direct it to resume forthwith and to pursue with reasonable dispatch until completion the arbitration proceeding now pending before Arbitrator Moskowitz. The temporary stay ordered by the state court has expired since this court has now determined the issue raised in the petition. In any event it is hereby vacated. In lieu thereof, and on the merits, this court hereby enjoins the respondent from participating in any other arbitration proceeding involving the same issues until the pending proceeding before Arbitrator Moskowitz is completed.

Settle an order consistent herewith on or before ten (10) days from the date hereof.