**IRVING S. COHEN, INC., Petitioner,**

v.

**GLEN RAVEN COTTON MILLS, INC., Respondent.**

**No. 67 Civ. 115.**

United States District Court
S. D. New York.

Jan. 12, 1967.

Tenzer, Greenblatt, Fallon & Kaplan, New York City, James H. Goodfriend, New York City, of counsel, for petitioner.

Otterbourg, Steindler, Houston & Rosen, New York City, Frederic P. Houston, New York City, of counsel, for respondent.

MEMORANDUM DECISION

MANSFIELD, District Judge.

Irving S. Cohen, Inc., petitioner herein, removed to this Court a proceeding commenced by it in the Supreme Court of the State of New York againt Glen Raven, the respondent, to vacate an award made in favor of Glen Raven in an arbitration proceeding initiated by Glen Raven pursuant to an agreement between the parties.

 Glen Raven's motion pursuant to 28 U.S.C. § 1447 to remand the case to the state court is granted. Since Cohen was not the defendant in the state court proceeding, it had no standing to remove. 28 U.S.C. § 1441(a). The plaintiff for purposes of removal of arbitration questions is the party who first invokes the aid of a court. Victorias Milling Co. v. Hugo Neu Corp., 196 F.Supp. 64 (S.D.N.Y.1961); Old Dutch Farms, Inc. v. Milk Drivers & Dairy Union, 222 F.Supp. 125 (E.D.N.Y. 1963).

 It is true that the earlier case of Minkoff v. Scranton Frocks, Inc., 172 F. Supp. 870 (S.D.N.Y.1959), held that the party who initiated the arbitration proceeding was to be regarded as the plaintiff for purposes of removal. However,

that decision has been criticized, see, 75 Harv.L.Rev. 1438 (1962), and the Court is persuaded that *Victorias Milling Co.* represents the acceptable view of the law. Having elected to invoke the jurisdiction of the state court, Cohen is bound by its decision, and is not in the position of a defendant in the state court who has not exercised the choice accorded to it by 28 U.S.C. § 1441(a).

Cohen's argument that because it is a "defendant" in the cross-motion in the state court to confirm the award, it is entitled to remove fails to acknowledge the implications of its initial choice of the state forum. Cf. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Moreover, it is clear that the agreement between Glen Raven and Cohen contemplated, if it did not require, that review of the arbitration proceedings take place in the state court. As the state courts are fully competent to deal with the alleged Constitutional issue raised by Cohen, no prejudice will result from this remand.

So ordered.