**SEARS ROEBUCK AND COMPANY,**
Petitioner,

v.

**GLENWAL COMPANY,** Claimant-Respondent.

No. 70 Civ. 1898.

United States District Court,
S. D. New York.

July 22, 1970.

Mendes & Mount, New York City, for petitioner; Albert L. Bases, Daniel E. Costigan, New York City, of counsel.

Goetz & Fitzpatrick, New York City, for claimant-respondent; Peter Goetz, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

A dispute arising under a construction contract entered into by the Glenwal Company (Glenwal), a New Jersey corporation with its principal place of business there, and Sears Roebuck and Company (Sears), a New York corporation with its principal place of business in the State of Illinois, brings before this court three motions: (1) by Sears to stay arbitration, originally filed in the New York State Supreme Court, Rockland County, and removed to this court by Glenwal upon allegations of diversity of citizenship, pursuant to 28 U.S.C., sections 1332 and 1441; (2) Glenwal's cross-petition to compel Sears to submit to arbitration; and (3) Sears' cross-motion to remand.

The parties entered into their agreement in February 1968, under which Glenwal was to construct a store and service center for Sears at Nanuet, New York, for the sum of $3,409,027.95. The contract, prepared by Sears, was on the 1963 standard form of the American Institute of Architects (AIA) and incorporated by reference "General Conditions," also contained in an AIA standard form. A dispute exists as to which particular form of AIA "General Conditions" was incorporated into the contract.

Glenwal claims it was the year 1963 form, whereas Sears claims it was the year 1967 form, current at the time the parties entered into their agreement. The matter is significant, since the latter confines the parties to appointment of arbitrators listed on a National Panel of Arbitrators of the American Arbitration Association, whereas the 1963 form, in the first instance, permits each party to designate an unlisted arbitrator, they in turn to agree upon a third. Whatever the controversy as to the method of designation of arbitrators, what is beyond challenge is that the agreement provides for arbitration of disputes arising thereunder.

In April 1970, Glenwal asserted that by reason of subsoil conditions which differed from those stated by Sears in the contract documents, extra work performed at Sears' direction, and delays attributable to Sears, Glenwal had incurred additional and unanticipated expenses and was entitled to substantial additional compensation. Sears rejected the claims, whereupon Glenwal, on April 10, 1970, served upon Sears a demand for arbitration based upon the provision contained in the AIA 1963 form, opted thereunder for a board of three arbitrators, and designated its individual arbitrator. Sears then filed a petition in the Supreme Court, Rockland County, to stay the proposed arbitration upon allegations, among others, that arbitration was to be governed by the 1967 AIA standard conditions, which limited the designation of arbitrators to those appearing on the American Arbitration Association list. Glenwal removed that proceeding to this court.

Thus, the first matter to be considered is Sears' motion to remand. Sears contends that Glenwal's demand for arbitration, which stated it was made pursuant to section 7503(c) of the New York Civil Practice Law and Rules,[1] initiated the proceeding and thereby constituted Glenwal the plaintiff or petitioner in the state court proceeding, and consequently it was not a "defendant" entitled to remove an action under 28 U.S.C., section 1441(a). Sears further contends that by giving the notice pursuant to New York law, and by entering into a contract which provides it is to be governed by New York law, Glenwal elected to exclude federal jurisdiction. Finally, Sears urges this case is not within the Federal Arbitration Act,[2] since the contract does not involve commerce. These contentions are without substance.

■■ In deciding removal questions, federal and not state law determines the role of the respective parties, who is the plaintiff and who is the defendant, since the privilege of removal is one of federal substance.[3] Glenwal, by serving its demand for arbitration upon Sears—in effect, a notice that Sears comply with its agreement to submit their dispute to arbitration—did not thereby initiate, or become a plaintiff or petitioner to, an arbitration proceeding.[4] To constitute a proceeding, the intervention of a court is required. Had Sears agreed to the demand for arbitration, it would have ended the matter. Instead, by filing its petition in the Supreme Court of the State of New York to stay arbitration, Sears initiated a proceeding and consequently was the petitioner or plaintiff. This view also finds strong support in New York Civil Practice Law and Rules, which provides:

"A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action."[5]

1. N.Y.C.P.L.R. (McKinney's 1963).

2. 9 U.S.C. § 1, et seq. (1964).

3. Chicago, R. I. & Pac. R. R. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

4. See Victorias Milling Co. v. Hugo Neu Corp., 196 F.Supp. 64, 67–69 (S.D.N.Y. 1961); cf. Lummus Co. v. Commonwealth Oil Refining Co., 195 F.Supp. 47, 55 (S. D.N.Y.1961).

5. N.Y.C.P.L.R. § 7502(a) (McKinney's 1963); see also Chariot Textiles Corp.

Thus, whether tested by federal or New York law, it is clear that Sears and not Glenwal was the petitioner or plaintiff in the New York proceeding, and that Glenwal, as the respondent or "defendant," properly filed its petition for removal.

■ Sears' next contention appears to be that because the contract stipulated it should be governed by the law of the place where the project was located [6] (in this instance, New York), the parties waived federal jurisdiction, or, as Sears puts it, "Glenwal, in entering into this contract, opted for New York law." Sears' contention appears to be that proceeding in the federal court where the Federal Arbitration Act is applicable is inconsistent with the provision that state law is to govern the parties' contractual relationship. The contention confuses the question of jurisdiction with issues of substantive law that may arise as to the validity of the contract or its enforcement. Both the '63 and '67 forms provide that the arbitration agreement "shall be specifically enforceable under the prevailing arbitration law," and also that any judgment upon the award shall be enforceable in any court, federal or state, having jurisdiction. The parties simply agreed that any court with jurisdiction over the parties and the subject matter would apply the choice of law stipulated by them as to the contract and issues arising thereunder. Whether or not the federal court would be bound to accept the choice of law so agreed upon in the event it differed from its own fundamental policy presents another issue,[7] which need not be decided since there is no difference between New York and federal law on the issues in this case.[8]

■ Nor did Glenwal's description of the service of its demand for arbitration as pursuant to section 7503(c) of the Civil Practice Law and Rules constitute a waiver of federal jurisdiction. Glenwal merely used the locally provided means for attempting to bring the matter to arbitration before resorting to a court.

■■ Next, Sears contends that the matter is beyond this court's jurisdiction, since the contract does not evidence "a transaction involving commerce" within the meaning of section 2 of the United States Arbitration Act.[9] However, the applicability of the Federal Arbitration Act is irrelevant to the question of jurisdiction. Even if the Act were not applicable, the court would have diversity jurisdiction.[10] In any case, Sears' contention that the transaction does not involve commerce flies in the face of reality. The contract, involving millions, was for the construction of a large shopping center. The affidavit submitted on this application puts it beyond question

v. Wannalancit Textile Co., 21 App.Div. 2d 762, 250 N.Y.S.2d 493 (1964), rev'd on other grounds, 18 N.Y.2d 793, 275 N. Y.S.2d 382, 221 N.E.2d 913 (1966); Graffagnino v. Motor Vehicle Accident Indemnification Corp., 48 Misc.2d 441, 264 N.Y.S.2d 483 (Spec.T.1965). Sears' reliance upon Hall v. Sperry Gyroscope Co., 183 F.Supp. 891 (S.D.N.Y.1960) is misplaced, since that decision was concerned with New York's Civil Practice Act, which was replaced by the Civil Practice Law and Rules, of which § 7502(a), already quoted is a part. Furthermore, even before the enactment of the Civil Practice Law and Rules, Victorias Milling Co. v. Hugo Neu Corp., note 4 *supra*, rejected the holding in *Hall*.

6. A provision to this effect is contained in both the 1963 and the 1967 AIA forms of the General Conditions.

7. *See* Necchi Sewing Mach. Sales Corp. v. Carl, 260 F.Supp. 665, 667 (S.D.N.Y. 1966); Restatement (Second) of Conflict of Laws, §§ 332–332b, 354h (Tent.Draft No. 6, 1960).

8. *See* note 13 *infra*.

9. 9 U.S.C. § 2 (1964).

10. Metro Indus. Painting Corp. v. Terminal Constr. Co., 287 F.2d 382, 388 n. 3 (2d Cir.) (Lumbard, C. J., concurring), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961); Hamilton Life Ins. Co. v. Republic Nat'l Life Ins. Co., 291 F.Supp. 225, 232–233 (S.D.N.Y.1968), aff'd, 408 F.2d 606 (1969); Sinva, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 253 F.Supp. 359, 363 (S.D.N.Y. 1966); cf. Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956).

that material for the job was shipped in from other states in great volume; that equipment was brought in from New Jersey, and workers travelled from Hawthorne, New Jersey, the principal and home office of Glenwal, to the job site at Nanuet, New York. It is abundantly established that the men were working in commerce, that goods were being shipped in interstate commerce, and that the activities under the contract affected commerce within the meaning of section 1 of the Arbitration Act. A clear case is made out of a contract evidencing a transaction involving commerce.[11] Accordingly, Sears' motion to remand is denied, and we consider its motion to stay arbitration and Glenwal's cross-petition to compel Sears to submit to arbitration.

■■■ It is beyond question that the parties agreed to submit disputes arising under the construction contract to arbitration, and since no claim is made, nor could any be advanced upon the facts here asserted, that the arbitration clause was induced by fraud, the matter must go to arbitration.[12] The basic controversy then is whether the designation of the arbitrators is to be made, as Glenwal contends, under the 1963 AIA form or, as Sears contends, under the 1967 form. The court concludes that appointment is to be made from the National Panel of Arbitrators under the American Arbitration Association rules. Glenwal, upon its assumption that the 1963 arbitration procedure was effective, opted that the arbitration was to be administered under the American Institute of Architects procedure instead of under the rules of the American Arbitration Association. Ac-

cordingly, it designated its arbitrator and called upon Sears to do likewise; together the two designees were to agree upon a third arbitrator. Sears failed to appoint its arbitrator and instead, as we have seen, sought a stay of the proposed arbitration in the New York State Supreme Court. However, under the very 1963 procedure invoked by Glenwal, it is provided: " * * * (2) If the two named arbitrators fail to agree upon a third, or if either party fails to name an arbitrator, the arbitration shall be administered in accordance with the Rules of the American Arbitration Association." Thus, in terms of end result, it is unnecessary to decide the disputed issue as to which provision controls, since under either, upon the facts here presented, the arbitration is to be governed by the Rules of the American Arbitration Association.

■■■ Sears' remaining contention is that some of the claims raised by Glenwal are not arbitrable. Article 7.10.1 of the 1967 General Conditions, upon which Sears relies, states:

"All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, (with two exceptions not here relevant) shall be decided by arbitration * * * unless the parties mutually agree otherwise."

This provision is clearly intended to cover all matters relating to the performance and breach of the contract and is enforceable as such.[13] Equally clearly, Glenwal's claims, involving subsoil conditions, delays and requests for extra work, arise

11. *See* Metro Indus. Painting Corp. v. Terminal Constr. Co., 287 F.2d 382 (2d Cir.), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961); *cf.* Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 400, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

12. *See* Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

13. This is true in both New York and federal courts. Metro Indus. Painting Corp. v. Terminal Constr. Co., 287 F.2d 382,

385 (2d Cir.), cert. denied, 368 U.S. 817, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1961); Exercycle Corp. v. Maratta, 9 N.Y.2d 329, 334, 214 N.Y.S.2d 353, 355–356, 174 N.E. 2d 463 (1961); River Brand Rice Mills, Inc. v. Latrobe Brewing Co., 305 N.Y. 36, 110 N.E.2d 545 (1953); Greene Steel & Wire Co. v. F. W. Hartmann & Co., 235 N.Y.S.2d 238 (Spec. T. 1962). *Cf.* Hilti Inc. v. Oldach, 392 F.2d 368, 373 (1st Cir. 1968); Galt v. Libbey-Owens-Ford Glass Co., 376 F.2d 711, 714 (7th Cir. 1967).

out of and relate to the contract and the breach thereof, and consequently are arbitrable.[14]

Accordingly, Sears' motion to remand is denied; its motion to stay arbitration is denied, and Glenwal's cross-motion to compel arbitration is granted in accordance with the disposition made herein.

Settle order on five days' notice.

---

14. *See* Necchi v. Necchi Sewing Mach. Sales Corp., 348 F.2d 693 (2d Cir. 1965), cert. denied, 383 U.S. 909, 86 S.Ct. 892, 15 L. Ed.2d 664 (1966).