**Herbert F. HIMES, et al., Plaintiffs,**

v.

**ADMIRAL INSURANCE CO., et al., Defendants.**

**Civ. A. No. 83–235.**

United States District Court,
E.D. Kentucky,
London Division.

Dec. 15, 1983.

any amount claimed to be due hereunder, the Company, at the request of the Insured (or Reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States or Canada and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

■ There is no doubt that this Court would have jurisdiction over this action had it originally been filed here vice the Jackson Circuit Court, as there is diversity of citizenship and the amount in controversy exceeds $10,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. However, as the insuror contractually agreed to submit to any court of competent jurisdiction, at the request of the insured, it cannot now remove this case from the forum chosen by the plaintiffs.

■ Admittedly, "parties by agreement cannot oust a court of jurisdiction," *William H. Muller & Co. v. Swedish American Line Ltd.*, 224 F.2d 806, 808 (2d Cir.), *cert. denied*, 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793 (1955), *overruled on other grounds, Indussa Corp. v. S.S. Ranborg*, 377 F.2d 200 (2d Cir.1967). However, that opinion went on to say that "if in the proper exercise of its jurisdiction, by a preliminary ruling the court finds that the agreement is not unreasonable in the setting of the particular case, it may properly decline jurisdiction and relegate a litigant to the forum to which he assented." *Id.*

Although the Supreme Court in dictum in *Home Ins. Co. v. Morse*, 87 U.S. (20 Wall.) 445, 22 L.Ed. 365 (1874), stated that agreements prohibiting removal are void, that language would not apply under modern removal procedure. *See Perini Corp. v. Orion Ins. Co.*, 331 F.Supp. 453 (E.D.Cal. 1971). Instead, in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Court followed the *Muller* decision in holding that such clauses in a contract are prima facie valid and are to be enforced unless enforcement is unreasonable under the circumstances.

Willis C. Cunnagin, Cunnagin & Cunnagin, London, Ky., for plaintiffs.

J. Robert Stansbury, Lewis, Scoville, Scoville & Stansbury, London, Ky., for defendants.

## MEMORANDUM

SILER, District Judge.

This is a suit to collect on a fire insurance policy on a building owned by the plaintiffs and destroyed by fire on February 4, 1983. The suit was originally filed in the Jackson Circuit Court, but it was removed by the defendant insurance carrier.

The issue in this case is whether the Court should remand this case, on motion of the plaintiffs, because of the following clause in the insurance policy:

It is agreed that in the event of the failure of the Company hereon to pay

Therefore, unless the insurance policy language here is unreasonable under the circumstances of this case, this Court will allow the parties to choose their own forum. This policy provision here is not unreasonable in light of: (1) the convenience of the parties and witnesses would be equally served in the Jackson Circuit Court, which is less than 30 miles from this Court; (2) state, rather than federal law, is applicable; and (3) the clause is a portion of a standard contract which the insuror authored.

The defendant has argued that under *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), this Court can only remand under 28 U.S.C. § 1447(c) when the case was removed improvidently and without jurisdiction. However, under *Public Water Supply District No. 1 v. American Insurance Company*, 471 F.Supp. 1071 (W.D. Mo.1979); and *Perini Corp. v. Orion Ins. Co., supra,* remand is proper here. This Court has jurisdiction under 28 U.S.C. § 1332, but the parties have agreed to another forum. That agreement, if reasonable, precludes this Court from taking jurisdiction of the dispute under the rule from *The Bremen.* Thus, by separate Order, this matter will be remanded to the Jackson Circuit Court.