**In the Matter of the Application of the INTERNATIONAL TIN COUNCIL, Petitioner,**

**v.**

**AMALGAMET INC., Respondent, For an Order Remanding This Action to the Supreme Court of the State of New York, County of New York.**

**No. 86 Civ. 6165 (GLG).**

United States District Court, S.D. New York.

Oct. 20, 1986.

---

**880**

Latham & Watkins, New York City, for petitioner; Selvyn Seidel, Warren B. Elterman, John D. Shyer, of counsel.

Chadbourne & Parke, New York City, for respondent; Richard J. Ney, Thomas J. Hall, David A. Vicinanzo, of counsel.

OPINION

GOETTEL, District Judge:

The petitioner, International Tin Council ("ITC"), brought an action in state court seeking to stay arbitration proceedings commenced by the respondent, Amalgamet, Inc. ("Amalgamet"). ITC's grounds for relief in the state court were two-fold: first, that the parties never made a binding agreement to arbitrate, and, second, that ITC is in any event immune from legal proceedings under international law. Amalgamet then removed the action to federal court.

ITC seeks to remand the action to state court. Amalgamet opposes remand, arguing that it is a defendant in this case and can therefore base removal on a federal question presented by ITC's complaint, and that ITC's complaint presents such a federal question because it raises the issue of ITC's immunity under international law.[1]

DISCUSSION

With certain exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (1948). If a case is improperly removed, because original jurisdiction was lacking, the case must be remanded to the state court from which it was removed. *See* 28 U.S.C. § 1447(c) (1948). Whether removal was proper in this case depends on whether this Court would have original jurisdiction under the

1. Both parties agree that international law forms a part of federal common law.

"federal question" doctrine.[2]   28 U.S.C. § 1331 (1982).

▮ Whether a case presents a federal question "must be determined from what necessarily appears in the plaintiff's statement of his ... claim ... unaided by anything alleged in anticipation ... of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed.2d 1218 (1914), cited with approval in *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (*"Franchise"*); see *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209 (1974) (*"Phillips"*). Under this "well-pleaded complaint rule," removal on federal question grounds is not supported by a defendant's assertion of a federal issue. *Id.* Correspondingly, a federal defense cannot serve as a basis for federal jurisdiction. *Franchise, supra*, 463 U.S. at 12, 103 S.Ct. at 2847–48 (defense of federal preemption); *cf. Gully v. First National Bank*, 299 U.S. 109, 116, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936) ("By unimpeachable authority, a suit ... does not arise under [federal law] because prohibited thereby.").

Thus, ITC's assertion of immunity will not support federal question jurisdiction if ITC is properly treated as a defendant for purposes of removal, or, alternatively, a claim of immunity under international law constitutes a federal defense, regardless of which party raises it.

### A.   Posture of the Parties

▮ For removal purposes, federal law determines which party is a plaintiff and which is a defendant; procedural provisions of state law do not control. *Chicago, Rock Island & Pacific R.R. Co. v. Stude*, 346 U.S. 574, 580, 74 S.Ct. 290, 294–95, 98 L.Ed. 317 (1954) (*"Stude"*); *Shamrock Oil [& Gas] Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941). The Supreme Court established a test to determine the posture of the parties for

purposes of removal in *Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629 (1907) (*"Mason City"*). In that case, an Iowa statute governing condemnation proceedings denominated the landowner as plaintiff and the condemnor as defendant. Nevertheless, because the "mainspring of the proceedings" was the condemnor's intent to achieve a particular result, and because "the institution and continuance of the proceedings depend[ed] upon [the condemnor's will]," the Court deemed the condemnor, rather than the landowner, to be the plaintiff for removal purposes. *Id.* at 580, 27 S.Ct. at 324, reaffirmed in *Stude*, 346 U.S. at 579–80, 74 S.Ct. at 294–95.

The *Mason City* test has generally not been applied to actions based on arbitration agreements. *See, e.g., Sears Roebuck & Co. v. Glenwal Co.*, 325 F.Supp. 86 (S.D.N.Y.1970); *Irving S. Cohen, Inc. v. Glen Raven Cotton Mills, Inc.*, 263 F.Supp. 107 (S.D.N.Y.1967); *Victorias Milling Co. v. Hugo Neu Corp.*, 196 F.Supp. 64 (S.D.N.Y. 1961) (*"Victorias"*). The *Victorias* court pointed out that condemnation proceedings operate independently of the consent of the parties; a landowner contesting a condemnation has no choice but to seek judicial intervention for relief. In contrast, arbitration is not instituted against the will of either party; arbitration proceedings operate pursuant to the parties' contractual agreement. For this reason, the party to an arbitration agreement who first seeks judicial intervention arguably should be considered the plaintiff. *Victorias*, 196 F.Supp. at 68–69.

Whatever its merits, this reasoning is inappropriate to the instant case and the *Mason City* approach should be applied here. The crux of the distinction made by *Victorias* and its progeny lies in the *consensual* nature of arbitration; in each of the above cases, judicial action was sought in reference to an *acknowledged* arbitration agreement. Unlike those cases, ITC's

---

**2.** Both parties agree that because Amalgamet is a New York corporation, it cannot seek removal

from a New York state court on the basis of diversity jurisdiction.

claim here is that there is no arbitration agreement. Its suit is not brought in reference to an arbitration agreement between the parties, but rather challenges the existence of one.

█ A party who is merely opposing rather than instituting a claim should be treated as a defendant for removal purposes. Because ITC presses this claim not to effect its own ends, but rather to avoid claims made upon it, and because the "mainspring" of these proceedings is Amalgamet's institution of arbitration proceedings of contested validity, ITC, although nominally a plaintiff, should be deemed a defendant for removal purposes. *See Columbia Gas Co. v. American Fuel Co.*, 322 U.S. 379, 64 S.Ct. 1068, 88 L.Ed. 1337 (1944) (*"Columbia Gas"*). In *Columbia Gas*, the United States had petitioned to have certain creditors' claims against a bankrupt rejected in order to prevent violations of the antitrust laws. The Court held that because the United States was in the position of *resisting* the claims, it should be deemed a defendant rather than a complainant under Section 2 of the Expediting Act, even though procedurally it was causing the controversy by contesting the claims. *Id.* at 383–84, 64 S.Ct. at 1071–72.

B. A Claim of Immunity under International Law is a Federal Defense

█ The only federal issue asserted in this suit is ITC's claim of immunity under international law. Such an assertion can *only* constitute a defense; by definition, immunity is but a shield against liability, and can form no part of an affirmative claim.

The fact that the issue of immunity is raised by a declaratory plaintiff as an affirmative assertion of nonliability does not change its inherently defensive character. Consequently, a claim of immunity will not support federal question jurisdiction because raised by a declaratory judgment plaintiff.[3] *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (*"Skelly Oil"*). Under *Skelly Oil*, "if, but for the availability of the declaratory judgment procedure, [a] federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise, supra*, 463 U.S. at 16, 103 S.Ct. at 2850 (citing 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2767 at 744–45 (2d ed. 1983)).

The *Skelly Oil* limitation on original jurisdiction necessarily extends to removal jurisdiction of state declaratory judgment actions.[4] Thus, removal jurisdiction does not exist where a complaint for a state declaratory judgment raises a federal question, but *Skelly Oil* would bar jurisdiction if the plaintiff had sought a federal declaratory judgment. *Franchise, supra*, 463 U.S. at 19, 103 S.Ct. at 2851.

CONCLUSION

Because ITC stands here as a defendant for removal purposes, Amalgamet cannot look to ITC's pleadings to find a basis for federal question jurisdiction. Even were it able to do so, Amalgamet would in any event find nothing there on which it could rely. The only federal question raised by ITC's complaint concerns its potential immunity under international law. Such a claim constitutes a federal defense, and as

---

3. The Declaratory Judgment Act allowed federal district courts to recognize a plaintiff's right to relief where no immediate enforcement of it was asked. *Franchise, supra*, 463 U.S. at 16, 103 S.Ct. at 2849–50 (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 S.Ct. 1194 (1950)). However, the Act did not affect the court's jurisdiction, but only the remedies it could provide. *Id.* Therefore, "[t]o permit a declaratory plaintiff to invoke federal jurisdiction to assert the validity of his defense, would [impermissibly] augment the availability of federal jurisdiction." *Stone &*

*Webster Engineering Corp. v. Ilsley*, 690 F.2d 323, 327 (2d Cir.1982).

4. If this were not the case, the *Skelly Oil* limitations on the Declaratory Judgment Act would be nugatory. "For any case in which a state declaratory judgment action was available, litigants could get into federal court for a declaratory judgment despite [*Skelly Oil*] simply by pleading an adequate state claim for a declaration of federal law." *Franchise, supra*, 463 U.S. at 18, 103 S.Ct. at 2850–51.

such cannot support federal question jurisdiction.

Insofar as this Court lacks original jurisdiction under the federal question doctrine, removal was improper and the case must be remanded to the state court.

In conclusion, we note that a contrary holding would in effect penalize ITC for its prompt defense of its interests. For, assuming ITC's defenses to arbitration are valid, it could have let the arbitration proceedings progress to conclusion without participating until Amalgamet sought judicial enforcement of its arbitration award. Such an inefficient course of action would have secured ITC's status as a defendant, and thereby its choice of a state forum. ITC's choice of a state forum should not be disturbed where its prompt action has conserved the resources of all the parties and forums involved.

SO ORDERED.