**Randy C. WELBORN and Rosenfeld and Welborn, P.A., Plaintiffs,**

v.

**CLASSIC SYNDICATE, INC., AAI Syndicate # 1, Inc., Comprehensive Ensurers Market Syndicate, and Agora Syndicate, Inc., Defendants.**

**No. ST–C–91–121–MU.**

United States District Court,
W.D. North Carolina,
Statesville Division.

Nov. 25, 1992.

Stephen M. Thomas, and David W. Hood, Patrick, Harper & Dixon, Hickory, NC, for plaintiffs.

Daniel R. Taylor Jr., Petree Stockton & Robinson, Winston–Salem, NC, T. David Ackermann, Peterson & Ross, Chicago, IL, for defendants.

## ORDER

MULLEN, District Judge.

This matter is before the Court upon plaintiffs' motion to remand this action to the North Carolina Superior Court of Catawba County on the grounds that the defendants are not proper defendants for purposes of removal under 28 U.S.C. § 1441, and that the defendants waived their removal rights in the insurance contract.

The defendant insurers issued master Accountants Liability Policy No. DOL–122036 to Corpacct CPA Affiliates, Inc. On or about January 23, 1990, Corpacct issued Certificate of Insurance No. 1200 to the plaintiffs for the effective period January 1, 1990–93. On February 1, 1991, a civil action was filed against the plaintiffs, who then demanded that the defendants provide for their defense. The defendants, by letter dated November 7, 1991, invoked the arbitration clause of the insurance contract, and proceeded to designate an arbitrator. The plaintiffs, on November 27, 1991, filed their complaint in the present matter, seeking a judicial declaration requiring that defendants provide coverage to the plaintiffs and defend them in the civil action. Plaintiffs also sought to prohibit any arbitration proceeding to determine the rights and obligations of the parties under the insurance contract. Defendants removed the action to this Court on January 10, 1992, and plaintiffs later filed this motion to remand.

■ Plaintiffs argue, first of all, that the defendant insurers are not "defendants" for the purposes of 28 U.S.C. § 1441, and thus cannot remove this case. The Court agrees. The United States Supreme Court has determined that for purposes of removal, the plaintiff is the party whose "intent to achieve a particular result" is the "mainspring of the proceedings" instituted by the party denominated in the complaint as the plaintiff. *Mason City & Ft. D.R. Co. v. Boynton,* 204 U.S. 570, 579–80, 27 S.Ct. 321, 323, 51 L.Ed. 629 (1907). Some cases have held that the *Mason City* test is inapplicable to actions based on arbitration agreements. *Sears Roebuck & Co. v. Glenwal Co.,* 325 F.Supp. 86 (S.D.N.Y. 1970), *aff'd,* 442 F.2d 1350 (2d Cir.1971); *Victorias Milling Co., Inc. v. Hugo Neu Corp.,* 196 F.Supp. 64 (S.D.N.Y.1961). A much more recent case in the Southern District of New York, however, did apply the *Mason City* test in the context of arbitration proceedings. In *International Tin Council v. Amalgamet, Inc.,* 645 F.Supp. 879 (S.D.N.Y.1986), the court held that when a plaintiff in a civil action is merely opposing claims made upon it in another

forum, that party should be treated as the defendant for removal purposes. *International Tin Council,* 645 F.Supp. at 882. Furthermore, the court determined that the "mainspring" of the proceedings in that case was Amalgamet's initiation of arbitration proceedings of contested validity against International Tin Council. *Id.* The court distinguished *Sears* and *Victorias Milling* by noting that in those cases, judicial action was sought in reference to admittedly valid arbitration proceedings. *Id.* at 881. In the present case, as in *International Tin Council,* the plaintiffs challenge the existence of a valid arbitration agreement. Thus, it appears to the Court that under the *Mason City* test, the defendants in this case are not proper defendants for purposes of removal under 28 U.S.C. § 1441.

■ Given the Court's conclusion that the defendants are not proper defendants for removal purposes, it is not necessary for the Court to reach the plaintiffs' second argument, that is, that the defendants waived their removal rights in the insurance contract because the service of suit provision acted as a forum selection clause. In light of the fact that the Court could find no Fourth Circuit precedent on this issue, however, it appears to the Court that this issue should be addressed.

The insurance policy in this case contains the following language:

> It is agreed that in the event of the failure of any syndicate(s) participating in the insurance afforded hereunder to pay their proportional share of any amount claimed to be due hereunder, such syndicate(s), at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction, and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

Plaintiffs contend that this language acts as a forum selection clause, allowing the insured to select the court in which any

dispute concerning the policy is to be litigated. In this way, plaintiffs argue, the clause acts as a waiver of any removal rights the defendants may have had. In support of their argument that defendants waived removal rights in the service of suit provision in the insurance policy, plaintiffs cite numerous cases which have held that clauses containing language nearly identical to the clause at issue in the present case operate as a waiver of removal rights. *See, e.g., Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207 (3d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 302, 116 L.Ed.2d 245; *City of Rose City v. Nutmeg Ins. Co.,* 931 F.2d 13 (5th Cir.1991); *Himes v. Admiral Ins. Co.,* 575 F.Supp. 312 (E.D.Ky.1983).

Defendants argue, however, that when a contract contains both a service of suit clause and an arbitration clause, that these two clauses should be interpreted consistently such that the service of suit clause applies only to suits concerning the enforcement of an arbitration award. *McDermott Intern, Inc. v. Lloyd's Underwriters of London,* 944 F.2d 1199, *reh'g denied,* 947 F.2d 1489 (5th Cir.1991); *Hart v. Orion Ins. Co.,* 453 F.2d 1358 (10th Cir.1971); *NECA Ins., Ltd. v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 595 F.Supp. 955 (S.D.N.Y.1984). It should be noted that neither *Hart* nor *NECA* dealt with waiver of removal rights. In *McDermott,* the court addressed the issue of whether an insurance contract containing both a service of suit clause and an arbitration clause constituted a waiver of the insurer's removal rights. After citing a previous Fifth Circuit case, *City of Rose City v. Nutmeg Ins. Co.,* 931 F.2d 13 (5th Cir. 1991), which held that a service of suit clause did waive an insurer's removal rights, the *McDermott* court proceeded to distinguish the *Nutmeg* case, and ultimately held that the service of suit clause did not waive the right to removal. *McDermott,* 944 F.2d at 1206. The bases upon which *McDermott* distinguished *Nutmeg* were that: (1) *Nutmeg* involved a domestic defendant rather than a foreign corporation, as in *McDermott,* (2) the suit in *McDermott* was instituted solely to determine arbitrability, rather than to pose a coverage question, and (3) the plaintiff in *McDermott* had a role in drafting the insurance policy, unlike the policy in *Nutmeg.* Plaintiff correctly points out that none of the factors discussed by the *McDermott* court in distinguishing *Nutmeg* are applicable in this case. Since the *McDermott* case was premised upon the ability to distinguish *Nutmeg,* it appears that *McDermott* is inapplicable to the present matter. Based upon the numerous cases which have held that service of suit clauses such as the one at issue here act as waivers of the right to remove, the Court finds that the defendants have waived their removal rights in the insurance contract.

Defendants argue that any waiver of removal rights must be "clear and unequivocal", and that given the interplay between the arbitration clause and the service of suit clause, the insurance contract cannot be construed to contain a "clear and unequivocal" expression of an intent to waive removal rights. The Court disagrees, and finds that the "clear and unequivocal" standard is not applicable. In the *Foster* case, the Third Circuit refused to apply the "clear and unequivocal" standard to a forum selection clause. *Foster,* 933 F.2d at 1218 n. 15. *Foster* distinguished cases which have applied the strict standard, pointing out that those cases involved noncontractual, litigation-based waivers, and then went on to state that the "clear and unequivocal" standard is not appropriate in the context of contractual waivers:

> In the context of litigation-based waiver, the "clear and unequivocal" standard makes sense. Otherwise, in order not to waive the right to remove defendants would have to remain inactive in the state court, running the peril of being held in default should a remand from the district court later occur....
>
> In the context of contractual waiver, however, we do not perceive the need for the "clear and unequivocal" standard....
>
> We think the "clear and convincing" [sic] standard so stringent as to be contrary to the right of parties to contract in

advance regarding where they will litigate. A court simply should determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions.

*Id.*

*Foster* also pointed out that federal courts have long construed the removal statutes strictly, and against the right of removal. *Id.* "The 'clear and unequivocal' standard, then, fails to consider the constrictive rather than expansive nature of the right of removal, in addition to serving no meritorious policy of litigation." *Id.* Applying the rationale in *Foster*, this Court holds that waivers of removal rights in this particular context do not have to be "clear and unequivocal". Even if the standard were "clear and unequivocal", the Court believes that the forum selection clause at issue here meets that standard, given the long line of cases which have upheld similar clauses as waivers of removal rights.

Applying the basic contract construction principle that any ambiguities in a contract are to be resolved against the party who drafted the contract, this Court finds that the service of suit clause in the insurance contract waived the defendants' right to remove, despite the presence of an arbitration clause. Thus, even if defendants were proper defendants for purposes of removal, their right to remove was waived.

IT IS THEREFORE ORDERED that the plaintiffs' motion to remand is hereby GRANTED, and this case is remanded to the North Carolina Superior Court of Catawba County.