**MOPAZ DIAMONDS, INC., Plaintiff,**

v.

**The INSTITUTE OF LONDON UNDERWRITERS,**
Defendant.

No. 92 Civ. 8375 (RWS).

United States District Court,
S.D. New York.

June 1, 1993.

**1054**

Smith Campbell & Paduano by Anthony Paduano, of counsel, New York City, for plaintiff.

White, Fleischner, Fino & Wade by John Mulcahy, of counsel, New York City, for defendant.

## OPINION

SWEET, District Judge.

Plaintiff Mopaz Diamonds, Inc. ("Mopaz") has moved pursuant to 28 U.S.C. § 1447(c) to remand this action to the New York Supreme Court and for an order pursuant to Rule 11, Fed.R.Civ.P. and 28 U.S.C. § 1927 awarding Mopaz attorneys' fees and expenses incurred in connection with this motion.

For the reasons set forth below, the motion is granted.

### The Parties

Mopaz is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in New York City.

The defendant, The Institute of London Underwriters ("Lloyds"), is a corporation organized and existing under the laws of the United Kingdom and transacts business in the United States.

### Facts and Prior Proceedings

This is a diversity action on a jeweler's block insurance policy for the loss of diamonds resulting from an alleged burglary at Atlas Diamonds, Inc. ("Atlas") on the night of June 24–25, 1991. Mopaz consigned diamonds valued at $44,000 to Bon Almaz, Ltd., which, in turn, entrusted them to Atlas for safekeeping. The diamonds belonging to Mopaz and various other consignors were among those allegedly lost in the burglary.

After an investigation of the loss, Lloyds denied Mopaz coverage with respect to the loss, alleging that the burglary had been staged by the principals of Atlas and others acting in conspiracy with them as part of a scheme to defraud their insurers. The specific basis for Lloyds' denial of the claims was the dishonest entrustment provision contained in Mopaz's policy.

Following Lloyds' denial of the claim, Mopaz filed suit against Lloyds' in the Supreme Court, County of New York, asserting a cause of action for breach of contract arising out of Lloyds' failure to provide coverage to Mopaz pursuant to the terms of the policy. It is undisputed that the amount at issue in this action is $44,000 in lost diamonds.

On November 17, 1992, Lloyds filed a Notice of Removal ("Notice") to remove this action from the state court to federal court in an attempt to have it consolidated with actions brought by other consignors against Atlas and their insurers which are pending before this Court. The Notice of Assignment assigning this action to this Court was filed on December 9, 1992.

### Discussion

**I. This Action Was Improperly Removed and Remand is Mandatory**

#### A. The Legal Standards Governing Removal and Remand

Motions to remand venue from a federal district court to a state court are governed by 28 U.S.C. § 1447(c). The statute provides *inter alia* that:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Furthermore, as the Second Circuit has stated:

> The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements. In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute nar-

rowly, resolving any doubts against removability.

*Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1047 (2d Cir.1991) (citations omitted).

Because there is no federal question involved in this action, which would give rise to original jurisdiction under § 1331, the question presented is whether this Court has subject matter jurisdiction over this action despite the fact that the undisputed amount at issue falls short of the $50,000 jurisdictional amount requirement set forth in 28 U.S.C. § 1332.

"[R]emoval is proper only if the court had original jurisdiction of the matter," *Glen 6 Assoc., Inc. v. Dedaj*, 770 F.Supp. 225, 227 (S.D.N.Y.1991), and whether removal was proper in this case turns on whether this Court would have original jurisdiction under the criteria of § 1332, *see International Tin Council v. Amalgamet Inc.*, 645 F.Supp. 879, 880 (S.D.N.Y.1986). The jurisdictional amount requirement of § 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of the interest and costs." 28 U.S.C. § 1332(a).

■ The jurisdictional amount requirement must be set forth either in the complaint to be removed or in the removal notice itself. *See Rosenberg v. GWV Travel, Inc.*, 480 F.Supp. 95, 96 (S.D.N.Y.1979). The "general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount state in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)); *see also Red Cab*, 303 U.S. at 289, 58 S.Ct. at 590 (to justify dismissal or remand for want of jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount").

■ "If a case is improperly removed, because original jurisdiction was lacking, the case must be remanded to the state court from which it was removed." *Amalgamet*,

645 F.Supp. at 880. Thus when an action fails to satisfy the jurisdictional amount requirement, its removal is inappropriate, and a motion to remand the matter to the state court must be granted. *See, e.g., New York ex rel. Larson v. Holy Spirit Ass'n for World Unification*, 464 F.Supp. 196, 198 (S.D.N.Y. 1979) (remanding action for failure to satisfy jurisdictional amount requirement); *J.W. Petroleum, Inc. v. Lange*, 787 F.Supp. 975, 977 (D.Kan.1992) (removal required when plaintiff alleged damages of only $23,000); *Maki v. Keller Indus., Inc.*, 761 F.Supp. 66, 68 (N.D.Ill.1991) (allegation that damages "substantially exceed [state court] minimum jurisdictional amount" fails to satisfy § 1332(a) jurisdictional amount requirement).

### B. *The Inadequacy of Lloyds' Proofs*

■ Lloyds asserts that Mopaz's motion must be denied because the latter has failed "to provide any compelling reason why this claim should be heard in state court rather than in the federal court and why this case should not be considered in conjunction with the actions which are pending in the federal court." Mulcahy Aff. ¶ 9. However, the burden rests on Lloyds to show why this action should not be remanded. *See Somlyo*, 932 F.2d at 1047.

■ It is a well-settled principle of law that the party seeking removal has the burden of establishing diversity of citizenship together with the requisite jurisdictional amount. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936); *Rosenberg*, 480 F.Supp. at 96; *see also Isaacs v. Group Health, Inc.*, 668 F.Supp. 306, 311 (S.D.N.Y. 1987) (on motion to remand, removing party bears burden of establishing that the case is within federal court's removal jurisdiction); *Crazy Eddie, Inc. v. Cotter*, 666 F.Supp. 503, 508 (S.D.N.Y.1987) (same); *Nannuzzi v. King*, 660 F.Supp. 1445, 1447 (S.D.N.Y.1987) (same); *Irving Trust Co. v. Century Export & Import, S.A.*, 464 F.Supp. 1232, 1236 (S.D.N.Y.1979) (same).

■ Lloyds' Notice explicitly acknowledges that the $44,000 in this action falls short of the jurisdictional amount requirement: "While there is diversity in this mat-

ter, the amount in controversy does not exceed $50,000." Notice ¶ 5. Lloyds asserts, however, that this Court "has original jurisdiction of this action under 28 U.S.C. § 1332 and is one which may be removed to this Court by the petitioner defendant pursuant to the provisions of 28 U.S.C. § 1441." Notice ¶ 5. The assertion seeks to eliminate the amount in controversy requirement of § 1332, but Lloyds cites no authority for the proposition which is rejected.

Lloyds also implies that because Mopaz Diamonds could allegedly intervene in related actions pending before this Court pursuant to Rule 24(b), Fed.R.Civ.P., this Court has subject matter jurisdiction over this action. Again, no supporting authority or further analysis is offered to establish a relationship between permissive intervention and the original jurisdiction this Court has over diversity actions that fail to satisfy the jurisdictional amount requirement of § 1332.

First, Mopaz has not invoked Rule 24(b) by applying to intervene in any action pending before this Court and has explicitly denied any intention to do so. In addition, Rule 24(b) requires that a party moving to intervene must "show an independent ground of jurisdiction to support [its] permissive intervention." *Cook v. Pan Am. World Airways, Inc.*, 636 F.Supp. 693, 696 (S.D.N.Y. 1986). Mopaz has demonstrated that such a showing is impossible in light of the undisputed amount at issue in this action.

Lloyds has asserted further that the jurisdictional amount requirement is satisfied by the fact that it is a member of a *"de facto* class," consisting of the various parties whose cases have been consolidated before this Court, the members of which have made claims exceeding $3,000,000 in value. Mulcahy Aff. ¶ 10. However, district courts generally, and this Court in particular, cannot assert and have not asserted subject matter jurisdiction over an action in the *de facto* manner suggested by Lloyds. *Cf. Rosenberg,* 480 F.Supp. at 96 (remanding action because "it has yet to be certified as a class action, [and] the sum total of the plaintiff's individual claims ... fall far below the jurisdictional threshold.")

Lloyds also has claimed that it would suffer extreme prejudice if this action were remanded to the state court because this case "will stand alone," Notice ¶ 8, and Lloyds "would have to defend the 'Atlas' case in more than one forum, with the resultant waste of time, money, and judicial resources and the risk of inconsistent verdicts," Mulcahy Aff. ¶ 13. Lloyds fails to establish that this consideration by itself is a sufficient ground for the original jurisdiction of this Court over the subject matter of the action.

In addition, the Pacific Employers Insurance Company ("Pacific Employers") is a defendant in several actions presently pending in New York State Supreme Court where the insured seek to recover damages from the insurer, Pacific Employers, for denying coverage of diamonds lost while allegedly in Atlas' possession on the night in question.

This action must, therefore, be remanded to the New York State Supreme Court.

## II. Mopaz is Entitled to Sanctions

Mopaz moves for an order imposing sanctions against Lloyds on the ground that the removal of this action to the federal court was frivolous and without merit in either law or fact, and as such, the attempt to invoke the jurisdiction of the federal courts in this action necessarily triggers the sanctioning mechanisms of Rule 11, Fed.R.Civ.P., and 28 U.S.C. § 1927.

### A. *The Legal Standard for Awarding Costs and Imposing Sanctions for Improper Removal*

Section 1447(c) provides that:

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

#### 1. Rule 11

The familiar prescriptions of Rule 11 require a federal court to impose sanctions against an attorney or party who signs a pleading, motion, or other paper, in violation of the requirement that the signer certifies:

to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good

faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed.R.Civ.P., Rule 11.

■ The Second Circuit has defined the standard to be applied in determining whether sanctions should be imposed for a violation of Rule 11:

> Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Simply put, subjective good faith no longer provides the safe harbor it once did.... [A] showing of subjective bad faith is no longer required to trigger the sanctions imposed by the rule. Rather, sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.... *[W]here it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated.*

*Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir.1985) (footnote omitted, emphasis added). Therefore, in applying Rule 11, courts must assess whether an attorney's conduct was objectively reasonable at the time he or she signed the pleading, motion, or other paper. *See International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388 (2d Cir.), *cert. denied sub nom. Golub v. Hydra Offshore, Inc.*, 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989); *Oliveri v. Thompson*, 803 F.2d 1265, 1274–75 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); *Quadrozzi v. City of New York*, 127 F.R.D. 63, 79 (S.D.N.Y.1989).

The substantive requirement imposed on an attorney or party by Rule 11 is that "[p]leadings, motions, and other papers must be justifiable *at the time they are signed.*" *United States v. International Bhd. of Teamsters*, 948 F.2d 1338, 1344 (2d Cir.1991) (emphasis added). It follows, then, that a court must neither "allow hindsight to skew judgment" nor "countenance belated rationalizations concocted to conceal chicanery." *Id.*

Further, as this Court has previously noted, "improperly invoking subject matter jurisdiction of a federal district court is sanctionable under Rule 11." *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 126 F.R.D. 462, 465 (S.D.N.Y.1989); *accord Official Publications, Inc. v. Kable News Co.*, 692 F.Supp. 239, 248 (S.D.N.Y.1988), *modified*, 884 F.2d 664 (2d Cir.1989).

### 2. Section 1927

Section 1927 empowers a federal court to require an attorney "to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred" when that attorney has "unreasonably and vexatiously" multiplied the proceedings in an action. 28 U.S.C. § 1927. The purpose of this statute is "to deter unnecessary delays in litigation," and "an award made under § 1927 must be supported by a finding of bad faith." *Oliveri*, 803 F.2d at 1273.

■ Bad faith is the key element in the imposition of § 1927 sanctions, *see International Bhd.*, 948 F.2d at 1345; *McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17, 23 (2d Cir.1990), and the Second Circuit has repeatedly held that:

> an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.

*Oliveri*, 803 F.2d at 1273; *accord International Bhd.*, 948 F.2d at 1345.

In contrast to sanctions imposed under Rule 11, the sanctioning mechanism of § 1927 is directed exclusively at the offending attorney; 1927 sanctions may not be imposed on clients. *See id.; Oliveri*, 803 F.2d at 1273. Additionally, while Rule 11 "does not impose a continuing obligation on the signer to correct or withdraw papers previously filed," *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d

**1058**

Cir.1988), *rev'd on other grounds sub nom. Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989); *Oliveri,* 803 F.2d at 1274, § 1927, does impose just such a continuing obligation throughout the course of the litigation "to avoid dilatory tactics," *International Bhd.,* 948 F.2d at 1345.

**B. Lloyds Attempted Removal of This Action Was Not in Objectively Reasonable and Was Without Foundation in Law or Fact**

■ Lloyds failed to identify a single authority either in support of its asserted basis for removal or in opposition to this motion to remand. It was objectively unreasonable for Lloyds to sign the Notice and the papers in opposition to this motion in light of its inability to appeal to any authority to support removal and invoke the subject matter jurisdiction of this Court, a threshold and hardly novel issue including the principle that the removal statute is to be construed narrowly against removability. *See Somlyo,* 932 F.2d at 1047. Rule 11 sanctions are appropriate. *See Ganoe v. Lummis,* 662 F.Supp. 718, 725 (S.D.N.Y.1987), *aff'd,* 841 F.2d 1116 (2d Cir.), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 886 (1988).

However, on this record there is an insufficient showing that the removal is "so completely without merit as to require the conclusion that [it] must have been undertaken for some improper purpose," *Oliveri,* 803 F.2d at 1273, to trigger the sanctioning mechanism of 28 U.S.C. § 1927.

*Conclusion*

For the reasons set forth above, Mopaz's § 1447(c) motion is granted and this action is remanded to the New York Supreme Court. Mopaz's motion for sanctions is also granted, and it is ordered to submit an itemized statement to this Court setting forth the just costs and any actual expenses, including attorney fees, it has incurred as a result of the removal of this action by Lloyds. A hearing will be held if requested by either of the parties.

It is so ordered.