**CENTER CADILLAC, INC., Center Cadillac Leasing, Inc., Irwin Steinhauser, Elaine Steinhauser, Michael Steinhauser, Marleen Steinhauser, Marilyn Steinhauser, Josh Steinhauser as Administrator of the Estate of Marvin Steinhauser, James Sandler and Rosalyn Sandler, Plaintiffs,**

v.

**BANK LEUMI TRUST COMPANY OF NEW YORK, Martin A. Simon, Eliot S. Robinson, Leonard S. Levine, Eftihia Piper, Vincent Garvey, and Rachel Bergsohn, Defendants.**

No. 91 Civ. 7776 (CBM).

United States District Court,
S.D. New York.

Feb. 10, 1995.

---

Gold & Wachtel, Randy Steinhauser, for plaintiffs.

Parker Chapin Flattau & Klimpl, Stephen Rinehart, for defendants.

OPINION

MOTLEY, District Judge.

**MEMORANDUM OPINION**

**DEFENDANTS' MOTION FOR COUNSEL FEES AGAINST PLAINTIFFS**

This case arises out of a $1.1 million loan extended to plaintiffs in 1979. As of early 1990, the principal balance had been reduced to approximately $118,000. Rather than satisfy this obligation, plaintiffs initiated three years of protracted, expensive and highly contentious litigation, which resulted in this court granting summary judgment for the defendants and issuing an order awarding Bank Leumi the principal balance of the loan, plus interest, and attorney's fees and costs. The court rendered its opinion on July 28, 1994 and it did not address the specific amount to be awarded as attorney's fees and costs to defendants since no hearing on same had been held or as to the amount recoverable as costs and expenses incurred in connection with this litigation under the loan agreements between the parties. Based upon the submission of papers by both sides, this court finds and concludes that defendants are entitled to attorney's fees and costs under the August 9, 1979 collateral promissory note or, alternatively on 28 U.S.C. § 1927 and the inherent power of the court.

Defendants have now requested reimbursement for counsel fees, costs and expenses paid to Parker Chapin for legal services provided from December 1990 through December 1994 in the amount of $234,631.96 in fees and $28,324.69 in costs. For the following reasons, defendants' motion is granted.

### Discussion

■ This court finds that the very terms of the promissory note signed by plaintiffs entitles defendants to recover all attorney's fees and costs. The collateral promissory note dated August 9, 1979 provides that:

the undersigned will pay to the Bank all expenses (including attorney's fees) of, or incident to, the enforcement of any of the provisions hereof or of any of the liabilities

... and defending or asserting the rights and claims of the Bank in respect thereof, by litigation or otherwise ... Attorneys fees as used in this note shall be defined as 15% of the liabilities due and owing to the Bank, or the reasonable value of the services of the attorneys, whichever is greater.

It is apparent from the clear language of the note that plaintiffs must reimburse the defendants for the reasonable value of all related attorney's fees and costs in connection with this litigation which was essentially brought to prevent defendants from collecting on its loan.

▮▮▮ In the alternative, attorney's fees may be awarded to the defendants based on this court's inherent power and on 28 U.S.C. § 1927 which impose excess costs and attorney's fees on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." As an exception to the American Rule, the inherent power of the court allows the court to award reasonable attorneys' fees to the prevailing party when the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons..." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir.1986) (citing to *F.D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)); *United States v. International Brotherhood of Teamsters*, 948 F.2d 1338, 1345 (2d Cir.1991); *Agee v. Paramount*, 869 F.Supp. 209 (S.D.N.Y.1994) (Motley, J.); *Wood v. Brosse U.S.A., Inc.*, 149 F.R.D. 44, 48 (S.D.N.Y. 1993); *Mopaz Diamonds v. Institute of London Underwriters*, 822 F.Supp. 1053, 1057 (S.D.N.Y.1993).

▮▮▮ The standard is the same for awarding attorney's fees under 28 U.S.C. § 1927. "[W]e hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power." *Oliveri*, 803 F.2d at 1273. In considering whether there has been bad faith, the court can consider the manner in which the action was brought and the manner in which it was litigated. *Oliveri*, 803 F.2d at 1272. However, the Second Circuit requires that there be "clear evidence" that the opposing party's actions were taken to harass, delay the proceedings, or for otherwise inappropriate reasons. *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir.1986).

This court finds and concludes that the plaintiffs' actions were undertaken in bad faith in bringing the entire action. Plaintiffs had ample opportunity to demonstrate some colorable basis for their claims through discovery but were unable to do so. Indeed, the complaint and other papers filed in this case were filled with accusations which collapsed under the burden of scrutiny. For example:

1. Plaintiffs alleged that Bank Leumi perpetrated a massive "prime rate fraud" against them and other customers of the bank (Compl. ¶ 77). In response to deposition questions and interrogatories, and finally at the April 26, 1994 pretrial conference, plaintiffs were compelled to admit that they had no evidence to support this claim.

2. Plaintiffs asserted that Bank Leumi committed fraud by breaching an "oral" agreement to charge interest at the rate of 1.5% over prime. Plaintiffs were forced to admit that there was absolutely no documentary evidence of this alleged agreement.

3. The complaint alleged an ongoing conspiracy between Bank Leumi and First New York Bank for Business whereby the banks jointly perpetrated frauds on plaintiffs as well as other borrowers (Compl. ¶ 73). In depositions and interrogatory responses, plaintiffs admitted that there was no evidence to support these charges.

4. The complaint concealed and omitted the essential facts that plaintiffs had borrowed $1.1 million from Bank Leumi by overdrawing their accounts; that plaintiffs were aware of the amount of these overdrafts and reflected the debt on Center Cadillac's own financial statements; and that plaintiffs' attorneys were involved in the documentation and securing of the overdrafts. At the close of discovery, plaintiffs were compelled to concede these facts.

5. The complaint omitted the facts that subsequent to the August 1979 closing plaintiffs had executed no less than three loan extension agreements, in the presence of their own legal counsel, expressly reaffirming their indebtedness and disclaiming all offsets, counterclaims and defenses to the debt.

6. Contrary to the allegations of the Complaint (¶ 37), the interest rate and term of plaintiffs' loan were disclosed on the documents executed at the August 9, 1979 closing, none of which were "blank" or incomplete.

7. Plaintiffs were unable to substantiate the charge that Bank Leumi's loan records were false and misleading; in fact, the calculations made by plaintiff James Sandler substantially agreed with the loan balance reflected in Bank Leumi's records.

8. Plaintiffs never raised any defenses of fraud or extortion in response to Bank Leumi's foreclosure actions in 1981 and 1982, and never made any allegations of misconduct for 10 years while they continued to make loan payments.

In its July 28, 1994 opinion, this court bluntly stated,

> "Plaintiffs have simply failed to present any evidence that Bank Leumi charged a 'false prime interest rate' or otherwise misrepresented the interest rate to be charge on their loans ... Therefore, plaintiff's allegations are without merit and must be denied." *Center Cadillac, Inc. v. Bank Leumi Trust Co.*, 859 F.Supp. 97, 103 (S.D.N.Y.1994) (Motley, J.)

Evidence that plaintiffs acted in bad faith in pursuing their claims goes beyond the fact that the Complaint was without merit and can be found in the conduct of this litigation as well. Plaintiffs unnecessarily multiplied these proceedings. Plaintiffs sued six individual employees of Bank Leumi, most of whom were no longer with the Bank and had no dealings with plaintiffs' loans for many years. Furthermore, plaintiffs frequently requested adjournments of depositions causing defendants' counsel to reschedule at the last minute, failed to timely file a joint pretrial order, and plaintiffs attempted on two separate occasions to introduce documents that had been requested two years prior by defendants on the eve of trial. Because of plaintiffs' misconduct, the court entered orders of preclusion as to these two items. For these reasons, this court holds that plaintiff is required to pay defendants' attorney's fees and costs.

The court finds and concludes that Bank Leumi's attorney's fees and costs requested are fair and reasonable. Considering also the vexatious nature of the litigation strategy of plaintiffs, Bank Leumi's fees are fair and reasonable. Defendants have submitted the required contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done. *Johnson v. New York City Trans. Auth.*, 823 F.2d 31, 33 (2d Cir.1987); *New York Association for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983).

The court rejects plaintiffs' objections to attorney's fees. Plaintiffs' contention that the requested fees are unreasonable because they represent "one and one-half times the largest amount [defendants] can recover on the counterclaim" is meritless. The amount due on Bank Leumi's counterclaim, as summarized in the Affidavit of Rachel Bergsohn dated September 8, 1994 consists of $118,430 in principal and $85,789.47 in accrued interest through August 30, 1994. Thus, the amount recoverable on Bank Leumi's counterclaim is at least $204,219. Similarly, plaintiffs' contention that Bank Leumi is not entitled to attorney's fees under the personal guarantees of the plaintiffs is also without merit. Bank Leumi's counterclaim names all eight individual plaintiffs. Moreover, all the plaintiffs signed the November 24, 1980 Modification Agreement, which provided in relevant part:

> Each Mortgagor and Guarantor hereby ... confirms and agrees ... that any and all guarantees ... at any time given by any mortgagor or guarantor with respect to the $1,100,000 Note ... shall continue in full force and effect ... and mortgagee [Bank Leumi] may rely on and exercise its rights and remedies (including foreclosure) under the mortgage and such guarantees....

From this evidence, this court has already found in its July 28, 1994 opinion that Bank Leumi is entitled to judgment against each of the plaintiffs for the full amount of principal, interest and attorney's fees due under the loan agreements, Note, and guarantees.

■ The court, in addition, rejects plaintiffs' request for additional discovery on Bank Leumi's attorney's fees and calculation of accrued interest. Plaintiffs have been given copies of hundreds of pages of computer time records and invoices. Plaintiffs do not contend that any of those records is inaccurate, or that any of the services and out-of-pocket costs reflected there are unreasonable or unnecessary. With respect to the calculation of accrued interest by Rachel Bergsohn, plaintiffs do not provide a different figure which they propose as correct or point to any specific errors in her calculations. This court even extended the invitation to plaintiffs' to elaborate upon the basis for limited discovery but plaintiffs again failed to provide any grounds for such discovery. Therefore, this court denies plaintiffs' request for discovery on the issue of attorney's fees and costs.

### Conclusion

For the reasons set forth above, defendants' motion is granted for reasonable attorney's fees and costs. From the defendants' papers, this court awards $234,631.96 in attorney's fees and $28,324.69 in costs. In addition, this court awards accrued interest on the loan of $85,789.47.