99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
CENTER CADILLAC, INC., Center Cadillac Leasing, Inc., Irwin
Steinhauser, Elaine Steinhauser, Michael Steinhauser,
Marleen Steinhauser, Marilyn Steinhauser, Josh Steinhauser,
as Administrator of the Estate of Marvin Steinhauser,
Rosalyn Sandler, and James Sandler, Plaintiffs-Appellants,
v.
BANK LEUMI TRUST COMPAHY OF NEW YORK, Martin A. Simon, Eliot
S. Robinson, Leonard S. Levine, Eftihia Piper,
Vincent Garvey, and Rachel Bergsohn,
Defendants-Appellees.
 No. 95-7401.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 1
 For plaintiffs-appellants: Stephan J. Kallas, Maher & Kallas, Peekskill, NY.
 
 
 2
 For defendants-appellees:Stephen G. Rinehart, Parker Chapin Flattau & Klimpl, New York, NY.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL, Circuit Judges, and BARRINGTON D. PARKER, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 8
 Plaintiffs, Center Cadillac, Inc., Center Cadillac Leasing, Inc., Irwin Steinhauser, Elaine Steinhauser, Michael Steinhauser, Marleen Steinhauser, Marilyn Steinhauser, Josh Steinhauser (as administrator of the estate of Marvin Steinhauser), Rosalyn Sandler, and James Sander, appeal from a final judgment entered March 21, 1995 in the United States District Court for the Southern District of New York (Constance Baker Motley, Judge ). Plaintiffs sued Bank Leumi Trust Company of New York and several of its officers and former officers (collectively, the "Bank") in connection with a 1979 loan of $1.1 million dollars. The plaintiffs alleged a civil RICO claim, together with pendent common law fraud and breach of contract claims. The Bank counterclaimed for the balance due on the loan and for its attorneys' fees.
 
 
 9
 The district court: (1) dismissed the common law fraud and breach of contract claims as time-barred; (2) applied Second Circuit law to dismiss a portion of the RICO claim as time-barred; (3) granted summary judgment to the Bank on the remainder of the civil RICO claim; (4) granted summary judgment to the Bank on its counterclaim for the balance due under the loan; and (5) awarded the Bank roughly $235,000 in attorneys' fees. On appeal, the plaintiffs challenge each one of these rulings, raising a plethora of issues. They also challenge the district court's denial of an eve-of-trial motion to amend the complaint to add a negligence claim.
 
 
 10
 It was not an abuse of discretion to deny leave to amend the complaint. See, e.g., State Teachers Retirement Bd. v. Fluor Corp., 704 F.2d 44, 47 (2d Cir.1983); Bradick v. Israel, 377 F.2d 262, 263 (2d Cir.) (per curiam), cert. denied, 389 U.S. 858 (1967). As for the other rulings, we affirm for substantially the same reasons set forth in the district court's three thorough published opinions. See Center Cadillac, Inc. v. Bank Leumi Trust Co., 808 F.Supp. 213 (S.D.N.Y.1992) (rulings 1-2); Center Cadillac, Inc. v. Bank Leumi Trust Co., 859 F.Supp. 97 (S.D.N.Y.1994) (rulings 3-4); Center Cadillac, Inc. v. Bank Leumi Trust Co., 878 F.Supp. 626 (S.D.N.Y.1995) (ruling 5).
 
 
 11
 We have considered all of the plaintiffs' arguments, and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation